879 So.2d 200 (2004)
Dr. Stuart I. PHILLIPS
v.
LOWE'S HOME CENTER, INC. d/b/a Lowe's Home Improvement Center.
No. 2003 CA 0660.
Court of Appeal of Louisiana, First Circuit.
April 28, 2004.
*201 Morton H. Katz, Herman, Herman, Katz & Cotlar, L.L.P., New Orleans, for Plaintiff-Appellant Dr. Stuart I. Phillips.
Joseph J. Schilleci, Joseph B. Guilbeau, Juge, Napolitano, Guilbeau, Ruli & Frieman, Metairie, for Defendant-Appellee Lowe's Home Center, Inc. d/b/a Lowe's Home Improvement Center.
Before: CARTER, C.J., PARRO, and GUIDRY, JJ.
PARRO, J.
The plaintiff appeals from a judgment sustaining defendant's exception raising the objection of lack of subject matter jurisdiction and dismissing his action to annul a portion of a judgment rendered by the Louisiana Office of Workers' Compensation Administration (OWC). For the following reasons, we affirm.

Factual and Procedural Background
Paul J. Simmons (Simmons) was an employee of Lowe's Home Center, Inc. d/b/a Lowe's Home Improvement Center (Lowe's), and was allegedly involved in a work-related accident that occurred on August 16, 1998. Simmons ultimately sought treatment from Dr. Stuart I. Phillips, an orthopedist. Dr. Phillips performed a cervical diskectomy and three-level fusion at the C3-4, C4-5, and C5-6 levels despite the contrary opinions of three other specialists, who felt that the surgery was unnecessary. Simmons filed a disputed claim for workers' compensation benefits with the OWC against Lowe's, and in connection with Simmons' workers' compensation proceedings, Dr. Phillips testified by deposition. Following a trial, the workers' compensation judge found that the cervical diskectomy and three-level fusion performed by Dr. Phillips was medically unnecessary and unreasonable. A judgment was signed, dismissing Simmons' claim with prejudice after specifically setting forth in reasons for judgment the findings *202 of fact on which such dismissal was based.[1] Of importance in this case is the following provision of the OWC's judgment:[2]
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Dr. Stuart Phillips is found to be in violation of LSA-R.S. 23:1208, as amended.
Subsequently, after learning of the quoted language, Dr. Phillips filed a petition with the district court to nullify that portion of the OWC's judgment, naming Lowe's as the defendant. In his petition, Dr. Phillips alleged that he had not been named as a party nor served with any process, such as the citation or the disputed claim form in the workers' compensation proceeding; therefore, he averred that he was improperly cast in judgment. Alleging that the provision adjudging him to be in violation of LSA-R.S. 23:1208 was an absolute nullity, he sought to have it stricken from the judgment in accordance with the nullity-of-judgment provisions in the Louisiana Code of Civil Procedure.
Lowe's responded by filing an exception urging the objection of lack of subject matter jurisdiction.[3] The district court sustained the objection, apparently based on a finding that the proper forum to file such a petition was with the OWC, which rendered the judgment containing the provision sought to be annulled. Dr. Phillips appealed, contending that his constitutional rights were violated by the rendition of such a judgment without service of process and an opportunity to confront and cross-examine witnesses; therefore, his petition alleging the absolute nullity of the judgment was properly before the district court.

Discussion
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based on the object of the demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. LSA-C.C.P. art. 3.
The Louisiana Constitution establishes the subject matter jurisdiction of the courts. The subject matter jurisdiction of the district courts is set forth by LSA-Const. art. V, § 16(A)(1), which provides:
Except as otherwise authorized by this Constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters.
The original purpose of the Workers' Compensation Act was to set up a court-administered system to aid injured workmen by relatively informal and flexible proceedings *203 that were to be interpreted liberally in favor of the workmen. The Louisiana Constitution and the Workers' Compensation Act were amended, and district courts were divested of jurisdiction over claims arising out of the Workers' Compensation Act. The OWC was empowered to resolve disputes and issue orders regarding workers' compensation claims. The purpose of the changes was to provide a speedy resolution to workers' compensation claims and a swift recourse for injured workers. Rhodes v. Lewis, 01-1989 (La.5/14/02), 817 So.2d 64, 69.
Following the 1990 amendment of LSA-Const. art. V, § 16(A)(1), relative to the jurisdiction of the OWC, LSA-R.S. 23:1310.3(E) was enacted, and it provides:
Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers for indemnification or contribution.
The grant of original exclusive jurisdiction of designated subject matters to an agency results in the removal of those matters from the district court's jurisdiction. This exclusive jurisdiction can be contrasted with concurrent jurisdiction where the district court maintains original jurisdiction in certain matters at the same time that an agency or other court has been granted the same original jurisdiction. See Moore v. Roemer, 567 So.2d 75, 79 (La.1990).[4] Because the workers' compensation judges have been granted exclusive jurisdiction by the legislature over workers' compensation claims or disputes arising out of the workers' compensation law, such matters have been excluded from the jurisdiction of district courts. Wilson v. Louisiana Safety Association of Timbermen, 29,263 (La.App. 2nd Cir.2/28/97), 690 So.2d 974, 978.
The objectionable provision of the OWC judgment relates to section 1208 of the workers' compensation law.[5] LSA-R.S. 23:1208(A) provides:
It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
A claim under LSA-R.S. 23:1208(A) is a claim or dispute arising out of the workers' compensation law. Therefore, under the existing statutory scheme, the OWC has exclusive subject matter jurisdiction to hear such claims or disputes.[6]See Lanthier v. Family Dollar Store, 02-0429 (La.App. 3rd Cir.1/8/03), 848 So.2d 605, 608; Derouen v. C & D Production Specialists, 98-57 (La.App. 3rd Cir.6/3/98), 718 So.2d 460, 462; Clarendon National Insurance *204 Company v. Weston, 97-1089 (La.App. 1st Cir.5/15/98), 712 So.2d 628, 630; Johnson v. Basic Industries, Inc., 97-1136 (La.App. 3rd Cir.4/15/98), 711 So.2d 843, 847, writ denied, 98-1358 (La.6/26/98), 719 So.2d 1292; Menard v. Mama's Fried Chicken, 97-488 (La.App. 3rd Cir.3/6/98), 709 So.2d 303, 308, writ denied, 98-0956 (La.6/5/98), 720 So.2d 681; Coleman v. Sheraton Pierrmont, 25,452 (La.App. 2nd Cir.1/19/94), 631 So.2d 50, 53; see also Hernandez v. ESKCO, Inc., 00-0174 (La.App. 4th Cir.11/17/00), 773 So.2d 865, 870-871, writ denied, 00-3430 (La.2/9/01), 785 So.2d 824. Because the OWC's jurisdiction is exclusive over claims and disputes of this nature, the district court is without jurisdiction as to such a claim or dispute whether it pertains to the workers' compensation claimant or "any person." See Allen v. Fireman's Fund Insurance Company, 36,606 (La.App. 2nd Cir.11/6/02), 830 So.2d 1120, 1123-1124, writ denied, 02-2981 (La.2/14/03), 836 So.2d 114.[7]

Decree
For the foregoing reasons, the judgment of the district court sustaining Lowe's exception asserting the objection of lack of subject matter jurisdiction is affirmed. Costs of this appeal are assessed to Dr. Stuart I. Phillips.
AFFIRMED.
NOTES
[1] The judgment of the OWC was appealed to this court by Simmons and subsequently dismissed. Simmons v. Lowe's Home Improvement Center, 01-0976 (La.App. 1st Cir.9/19/01) (unpublished).
[2] Simmons was also found to have been in violation of LSA-R.S. 23:1208. The workers' compensation judge ordered that a certified copy of the judgment and the entire record in the workers' compensation proceeding be forwarded to the OWC fraud section for investigation and further disposition.
[3] Lowe's also argues in its brief to this court that the objectionable language does not constitute a "judgment," is not an enforceable aspect of the judgment dismissing the workers' compensation claim, and is actually a finding of fact. In light of our disposition of this appeal, we pretermit discussion of this argument.
[4] Although the validity of this statement of the law was not affected, we note that this case declared the then-existing workers' compensation scheme was unconstitutional and, to that extent, was superceded by later amendments to the Louisiana Constitution.
[5] The constitutionality of this section has not been raised as an issue in this appeal.
[6] When a workers' compensation judge makes a finding of fact as to a violation of LSA-R.S. 23:1208(A), the statute provides for civil and criminal consequences for such a violation. We do not address the procedural or jurisdictional issues that might arise if enforcement of the civil or criminal aspects of this statute are applied, especially against a person who was not a party to the proceeding.
[7] We further note that LSA-C.C.P. art. 2006 mandates that an action to annul a judgment be brought in the trial court, which, in this case, was the OWC.