897 So.2d 32 (2004)
Kevin PETERSON
v.
Ray HANSON and Kelly Ward.
No. 2003 CA 1448.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
Kevin Peterson, Homer, Plaintiff in Proper Person.
Annette R. Seng, Baton Rouge, Counsel for Defendants/Appellees Ray Hanson and Kelly Ward.
*33 Before: CARTER, C. J., PETTIGREW, and McDONALD, JJ.
McDONALD, J.
This is an appeal of a prisoner's suit with a rather unique procedural history. After sustaining the defendants' exception raising the objection of improper venue and ordering the matter transferred to Claiborne Parish, the trial court proceeded to rule on the merits of the case, denying the prisoner's application for a preliminary injunction. For the reasons that follow, we affirm that part of the judgment sustaining the exception raising the objection of improper venue, vacate that part of the judgment that denied the application for preliminary injunction, and remand the matter to the Nineteenth Judicial District Court for transfer to the Second Judicial District Court in Claiborne Parish for further proceedings.

FACTS
Kevin Peterson is an inmate at David Wade Correctional Center (DWCC) in Claiborne Parish. Peterson filed suit in the Nineteenth Judicial District Court, naming as defendants Ray Hanson, a corrections official at DWCC, and Kelly Ward, a Warden at DWCC, asserting that Hanson and Ward deprived him of his mattress for approximately 182 days. Peterson asserted in his petition that he suffered mental humiliation, emotional distress, depression and pain. He also filed a motion for a temporary restraining order and a preliminary injunction, asking that the defendants be enjoined from depriving him of a mattress, and that an injunction be ordered to permanently enjoin the defendants from depriving him of a mattress as a means of punishment.[1] Thereafter, Peterson amended the petition to add as defendant Venetia Michael, a warden at DWCC.
Defendants Ward and Hanson (apparently prior to service on Michael) filed declinatory exceptions raising the objection of insufficiency of service of process and improper venue, asserting that service was tendered on Ward and Hanson at the Department of Public Safety and Corrections headquarters in Baton Rouge, which was legally insufficient, and that pursuant to La. R.S. 15:1184(F), the exclusive venue of Peterson's suit was the parish where the prison is situated to which the prisoner was assigned when the cause of action arose, which was Claiborne Parish.
Prior to a hearing, the Nineteenth Judicial District Court granted a temporary restraining order enjoining the defendants from depriving Peterson of a mattress. Defendants were served with that order in February of 2003. The restraining order was in effect until a hearing was held on February 28, 2003.
At the hearing, Peterson admitted that he had as many as 100 disciplinary violations that resulted in being placed in isolation. He also acknowledged that he was not deprived of a mattress at all times, as it appeared in his pleadings, but rather, he was required to give up his mattress during *34 the day from 5 a.m. to 9 p.m. while in disciplinary detention.
The Commissioner's report found that the exception raising the objection of improper venue was valid, and recommended the suit be transferred to Claiborne Parish District Court. Further, the Commissioner recommended that if the court chose to rule on the application for injunctive relief, the injunction should be denied. In support of his claim of irreparable injury, Peterson claimed that a small cyst on his lower back necessitated that he have a mattress at all times. The Commissioner found that the doctor who evaluated Peterson at the prison noted that he "may have a mattress," but did not order a mattress nor suggest that it was necessary 24 hours a day. Further, a second doctor at DWCC who examined Peterson testified that she was aware of the other doctor's suggestions and that there was no medical reason to excuse Peterson from the ordinary rules regarding detention. Thus, the Commissioner found no evidence of irreparable injury for having to relinquish his mattress for 16 hours a day.
Regarding violation of law as a basis for an injunction, the Commissioner found that there was no showing that depriving an inmate of a mattress for 16 hours a day violated any statutory or constitutional right. Further, the Commissioner noted that temporary deprivation of a mattress to lock-down inmates did not constitute unnecessary or wanton infliction of pain, particularly when working inmates who were not in disciplinary detention suffered a similar loss of access to their mattress during the day. Regarding the exception raising the objection of improper service of process, the Commissioner noted that service had since been properly issued on defendants, curing the error.
After a de novo consideration of the record, the evidence and the memoranda filed, the trial court adopted the Commissioner's report as its reasons for judgment, ordered that judgment be rendered in favor of the defendants' exception raising the objection of improper venue, ordered the matter transferred to Claiborne Parish, and further, ordered that Peterson's application for preliminary injunction be denied.
Peterson is appealing that judgment, essentially asserting that the trial court erred in failing to grant his injunction.

ANALYSIS
The exclusive venue for delictual actions for injury or damages shall be the parish where the prison is situated to which the prisoner was assigned when the cause of action arose. La. R.S. 15:1184(F). When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue. La.C.C.P. art. 121. Once the district court transferred the case to Claiborne Parish, the district court no longer had jurisdiction over Peterson's motion for a preliminary injunction. A judgment rendered by a court that has no jurisdiction over the subject matter of the proceeding or action is void. Phillips v. Lowe's Home Center, XXXX-XXXX, p. 3 (La.App. 1 Cir. 4/28/04), 879 So.2d 200, 202.
Clearly, venue was proper in Claiborne Parish, where Peterson was incarcerated at DWCC when the cause of action arose. Thus, while the trial court properly sustained the exception raising the objection of improper venue transferring Peterson's case to Claiborne Parish, the court lacked jurisdiction to then rule on the merits of the case and that portion of the judgment denying the injunction is null.
Therefore, we affirm that portion of the judgment that sustained the exception *35 raising the objection of improper venue, vacate that portion of the judgment that denied Peterson's application for a preliminary injunction, and remand the case to the Nineteenth Judicial District Court for transfer to the Second Judicial District Court in Claiborne Parish for further proceedings. No cost assessment is made at this time.
AFFIRMED IN PART AND VACATED IN PART; MATTER REMANDED TO NINETEENTH JUDICIAL DISTRICT COURT FOR TRANSFER TO SECOND JUDICIAL DISTRICT COURT FOR FURTHER PROCEEDINGS.
NOTES
[1] The defendants, citing Peterson's allegation of a claim arising under federal law, exercised their right to remove the case to federal court. The defendants also moved for summary judgment because Peterson had not exhausted his administrative remedies as required by law before asserting a § 1983 "conditions of confinement" claim. The case was removed to the United States District Court, Western District of Louisiana, after which Peterson filed a motion for voluntary dismissal asking the court to dismiss any and all pending federal claims. The motion was granted, and the case was remanded to the Nineteenth Judicial District Court.