960 So.2d 1048 (2007)
LOUISIANA RETAILERS MUTUAL INSURANCE COMPANY
v.
Jimmie DERAMUS, Individually, Jimmie DeRamus d/b/a Silver Dollar Pawn and Jewelry Center, and Jimmie DeRamus d/b/a Jimmie DeRamus Properties.
No. 2006 CA 1427.
Court of Appeal of Louisiana, First Circuit.
May 4, 2007.
*1049 Michael J. Taffaro, Baton Rouge, Counsel for Plaintiff/Appellant Louisiana Retailers Mutual Insurance Company.
Charles A. Schutte, Jr., Baton Rouge, Counsel for Defendants/Appellees Jimmie DeRamus, et al.
James Morgan, III, Baton Rouge, Counsel for Defendants in Cross Claim Alexander and Bolton, Inc. and Donald Coco.
Before: KUHN, GAIDRY, and WELCH, JJ.
KUHN, J.
Plaintiff-appellant, Louisiana Retailers Mutual Insurance Company (LRMIC) appeals the trial court's judgment, granting a peremptory exception raising the objection of prescription and dismissing the insurer's claims against defendant, Jimmie DeRamus, in his capacities as the owner and operator of the Silver Dollar Pawn and Jewelry Center and DeRamus Properties. Finding a lack of subject matter jurisdiction, we dismiss LRMIC's appeal.

PROCEDURAL BACKGROUND
On December 16, 2003, LRMIC filed a petition for damages. According to the allegations of the petition, LRMIC provided a workers' compensation policy to "Jimmie DeRamus d/b/a Silver Dollar Pawn and Jewelry Center" (Silver Dollar). The insurer averred that Silver Dollar's principal business activity was conducting a pawn shop and retail store.
The petition states that on March 12, 2002, Lloyd DeRamus-Credeur, DeRamus's son-in-law and employee, sustained severe injuries when, while working, he slipped, fell, and hit his head on a concrete culvert. LRMIC began paying DeRamus-Credeur workers' compensation benefits. LRMIC avers that while it knew DeRamus-Credeur was off the Silver Dollar premises at the time he fell, it was not until June 2, 2003, that it learned DeRamus-Credeur was actually a construction supervisor for DeRamus Properties, a separate and distinct business, which is also owned and operated by DeRamus. Stating that it afforded workers' compensation coverage only to the Silver Dollar, LRMIC's petition seeks damages from DeRamus for the reimbursement of all past and future workers' compensation benefitsboth medical and indemnityit has paid or will pay to DeRamus-Credeur, asserting that as of December 8, 2003, the amount was $60,272.21.
LRMIC's petition specifically alleges:
DeRamus, individually, [and in his capacities as the owner and operator of the Silver Dollar and DeRamus Properties] intentionally led LRMIC to believe that [DeRamus-Credeur] was employed by and engaged in certain job classifications for [the Silver Dollar] for the purpose of obtaining workers' compensation coverage for the [March 12, 2002 accident]. . . .

*1050 DeRamus, individually, [and in his capacities as the owner and operator of the Silver Dollar and DeRamus Properties] intentionally misrepresented the true nature of [DeRamus-Credeur's] job and/or duties as being one of the classifications listed in the insurance contract in an effort to obtain and/or maintain lower workers' compensation indemnification/insurance premiums. . . .
DeRamus, individually, [and in his capacities as the owner and operator of the Silver Dollar and DeRamus Properties] intentionally misrepresented that [DeRamus-Credeur] worked for [the Silver Dollar], in an attempt to avoid the need and expense for DeRamus to procure workers' compensation coverage for [DeRamus Properties] or any other entity owned and/or operated by . . . DeRamus. . . .
DeRamus, individually, [and in his capacity as the owner and operator of the Silver Dollar] failed to notify LRMIC of any change in employees, job classifications, nature of business activity, and/or formation of a new entity. . . .
Further, this failure to notify is a breach of the terms and conditions provided for and outlined in the contract of insurance with LRMIC that provides workers' compensation coverage to [DeRamus in his capacity as the owner and operator of the Silver Dollar].
DeRamus answered the insurer's petition, generally denying liability and specifically averring that the workers' compensation policy issued by LRMIC insures DeRamus "in any capacity."[1] DeRamus further alleged that LRMIC provided coverage to him individually and as a sole proprietor doing business under various trade names, including Silver Dollar and DeRamus Properties, particularly asserting that LRMIC's claims were in direct violation of the terms of the policy. In a reconventional demand, DeRamus requests declaratory relief, seeking a determination of DeRamus's rights and LRMIC's obligations under the workers' compensation policy with respect to DeRamus-Credeur's claim.
On September 28, 2005, DeRamus filed a peremptory exception, pleading the objection of prescription in which he noted that the date of the accident was March 12, 2002, but that LRMIC did not file its lawsuit until December 16, 2003. Pointing out that LRMIC's claims for damages were prescribed on the face of the petition, DeRamus sought dismissal of LRMIC's demand. After review of evidence introduced at the hearing, the trial court granted the exception and dismissed the principal demand, finding that LRMIC's claim had prescribed. This appeal by LRMIC followed.

DISCUSSION
LRMIC asserts that the applicable prescriptive period to its cause of action is ten years due to DeRamus's alleged breach of the contractual terms, i.e., contractual discretion was exercised in bad faith. Therefore, the insurer reasons that its petition for damages is timely. But it assumes arguendo that the one-year period DeRamus urges is applicable and contends that under the shorter prescriptive period, its claim is timely, reasoning entitlement to an application of the doctrine of contra non valentem.
A cause of action for intentional-fraudulent misrepresentation as to present or past facts exists in Louisiana. Sun Drilling Products Corp. v. Rayborn, 00-1884, p. 15 (La.App. 4th Cir.10/3/01), 798 *1051 So.2d 1141, 1152, writ denied, 01-2939 (La.1/25/02), 807 So.2d 840. The Louisiana Civil Code defines fraud in Article 1953.
Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may result from silence or inaction.
To find fraud from silence or suppression of the truth, there must exist a duty to speak or to disclose information. Pioneer Valley Hosp., Inc. v. Elmwood Partners, L.L.C., 01-453, p. 9 (La.App. 5th Cir.10/17/01), 800 So.2d 932, 937 (quoting Greene v. Gulf Coast Bank, 593 So.2d 630, 632 (La.1992)).
For a plaintiff to recover for a negligent misrepresentation there must be a legal duty on the part of the defendant to supply correct information, a breach of that duty, and damage to the plaintiff caused by the breach. Osborne v. Ladner, 96-0863, p. 16 (La.App. 1st Cir.2/14/97), 691 So.2d 1245, 1257.
Reviewing the allegations of LRMIC's petition, it is evident that any duty DeRamus had to either disclose information or to supply correct information is as a result of LRMIC's issuance of a workers' compensation policy. In other words, it is only because DeRamus secured workers' compensation coverage from LRMIC that the insurer may claim DeRamus had a duty to disclose the scope and nature of DeRamus-Credeur's employment or to notify LRMIC of any change in employees, job classifications, nature of business activity, and/or formation of a new entity.
Whether DeRamus owes a duty of disclosure or to supply accurate information to LRMIC necessarily requires examination of the workers' compensation policy issued by LRMIC. And whether DeRamus breached any duty owed will also pivot around an examination of the contents of the policy. Thus, resolution of LRMIC's entitlement to damages for either intentional-fraudulent or negligent misrepresentations by DeRamus necessarily involves interpretation of and a determination of whether the workers' compensation policy issued by LRMIC provides coverage for DeRamus as employer of DeRamus-Credeur.
La. R.S. 23:1310.3 E provides:
Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers for indemnification or contribution. (Emphasis supplied.)
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based on the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3. It is the duty of the court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. City of Baton Rouge v. Bernard, 01-2468, p. 4 (La.App. 1st Cir.1/22/03), 840 So.2d 4, 6 writ denied, 03-1005 (La.6/27/03), 847 So.2d 1278.
The Louisiana Constitution establishes the subject matter jurisdiction of the *1052 courts. The subject matter jurisdiction of the district courts is set forth by La. Const. art. V, § 16(A)(1), which provides:
Except as otherwise authorized by this Constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters.
The original purpose of the Workers' Compensation Act was to set up a court-administered system to aid injured workmen by relatively informal and flexible proceedings that were to be interpreted liberally in favor of the workmen. The Louisiana Constitution and the Workers' Compensation Act were amended, and district courts were divested of jurisdiction over claims arising out of the Workers' Compensation Act. The Office of Workers' Compensation was empowered to resolve disputes and issue orders regarding workers' compensation claims. The purpose of the changes was to provide a speedy resolution to workers' compensation claims and a swift recourse for injured workers. Phillips v. Lowe's Home Center, Inc., 03-0660, p. 4 (La.App. 1st Cir.4/28/04), 879 So.2d 200, 203.
The grant of original exclusive jurisdiction of designated subject matters to an agency results in the removal of those matters from the district court's jurisdiction. This exclusive jurisdiction can be contrasted with concurrent jurisdiction where the district court maintains original jurisdiction in certain matters at the same time that an agency or other court has been granted the same original jurisdiction. Id. Because the Office of Workers' Compensation has been granted exclusive jurisdiction by the legislature over workers' compensation claims or disputes arising out of the workers' compensation law, such matters have been excluded from the jurisdiction of district courts. Id., 03-0660 at pp. 4-5, 879 So.2d at 203.
If the district court adjudicating a delictual claim of intentional-fraudulent or negligent misrepresentation were to determine that DeRamus had a duty to disclose or to supply correct information to LRMIC or that DeRamus had breached the duty owed to LRMIC, those findings would necessarily have to be answered by resolving the issue of whether the LRMIC's workers' compensation insurance policy provided coverage for DeRamus-Credeur's injuries as a result of the March 12, 2002 accident. But coverage disputes are within the grant of original, exclusive jurisdiction afforded to the Office of Workers' Compensation.
By asserting the ten-year prescriptive period applicable to contractual disputes, LRMIC acknowledges that its claims are grounded in the workers' compensation policy it issued to DeRamus. Based on our reading of the allegations of LRMIC's petition, it is evident the insurer is averring that it does not provide coverage to DeRamus-Credeur for the injuries he sustained on March 12, 2002, because the employer, DeRamus, breached duties he owed to LRMIC to provide the insurer with accurate information so that premiums could be properly calculated and collected from the employer, and it seeks restitution for amounts paid to the employee. As such, LRMIC has alleged claims arising out of the Workers' Compensation Act, and original, exclusive jurisdiction for the matter has been vested with the Office of Workers' Compensation under Const. Art. V, § 16(A)(1) and La. R.S. 23:1310.3 E. Thus, the district court lacked jurisdiction to rule on DeRamus's exception of prescription.

CONCLUSION
Neither the district court nor this court has subject matter jurisdiction over this *1053 case. The judgment of the district court is void. La. C.C.P. art. 3. This appeal is dismissed pursuant to La. C.C.P. art. 2162. Appeal costs are assessed against plaintiff-appellant, Louisiana Retailers Mutual Insurance Company.
APPEAL DISMISSED.
NOTES
[1] DeRamus also filed a cross-claim against Donald Coco, the agent who obtained all his insurance policies for his business operations; Coco's employer, Alexander & Bolton, Inc.; and their insurer.