GAIDRY, J.
 

 | .¿Defendant appeals a district court judgment awarding recovery to plaintiff under the nonsufficient funds check statute, La. R.S. 9:2782. We affirm.
 

 FACTS & PROCEDURAL BACKGROUND
 

 Plaintiff, William Taylor, was injured in a work-related accident in May of 1995, and began receiving weekly workers’ compensation benefits. In July 2007, Hanson North America (defendant), the successor in interest to plaintiffs prior employer, issued three checks in the amount of $323.00 each as payment for weekly compensation benefits. However, when presented for payment, the three checks were returned to plaintiff by the bank with the notations “not sufficient funds” and “refer to maker.” Thereafter, plaintiff made written demand upon defendant for payment of the checks. Although defendant received the written demand, it refused to make payment.
 

 On October 1, 2007, plaintiff filed a disputed claim for compensation against defendant with the Office of Workers’ Compensation Administration (OWC) seeking payment of the three returned checks, bank processing fees, penalties, and attorney fees. In response, defendant maintained plaintiff was up to date on his benefits. Subsequently, the parties filed cross-motions for summary judgment, with defendant asserting that the checks were issued for benefits not owed to plaintiff since it had paid him five hundred and twenty weeks of indemnity benefits, and he was neither permanently nor temporarily totally disabled. The OWC judge granted summary judgment in favor of defendant on the grounds asserted. Plaintiff appealed that judgment to this Court, which reversed the summary judgment on the grounds that there were genuine is
 
 *966
 
 sues of material fact and remanded the matter to the OWC for further proceedings.
 
 See Taylor v. Hanson North America,
 
 08-]1944;^ (La. 1st Cir.5/8/09), 18 So.3d 660. Thus, that matter is currently pending before the OWC.
 

 On December 28, 2007, plaintiff named Hanson North America as defendant in a suit filed in district court to recover the face value of the checks, as well as statutory penalties and attorneys fees, pursuant to La. R.S. 9:2782. Plaintiff alleged that three checks issued to him by defendant for weekly compensation benefits were returned due to nonsufficient funds, and defendant, after being given proper notice, refused to pay the amount of the checks. In its answer, defendant admitted all of plaintiffs allegations, except for the claim that he was entitled under La. R.S. 9:2782 to double the value of the checks, court costs and attorney fees. Defendant asserted as an affirmative defense that the checks were not owed to plaintiff because it had already completed its obligation to pay weekly benefits to him under the Workers’ Compensation Act (WCA). Defendant further alleged it was entitled to a credit for all overpayments of compensation benefits made to plaintiff. Additionally, defendant filed a declinatory exception raising the objections of lis pendens and lack of subject matter jurisdiction and a peremptory exception raising the objection of no cause of action.
 

 Plaintiff filed a motion for judgment on the pleadings. Following a hearing, the district court overruled defendant’s exceptions and awarded plaintiff judgment on the pleadings for the face value of the checks in the amount of $969.00, attorney fees of $969.00, and statutory penalties of $484.50, for a total of $2,422.50. Defendant suspensively appealed the judgment, alleging in three assignments of error that the district court erred in overruling its exception of lis pendens, exception of lack of subject matter jurisdiction, and exception of no cause of action. Plaintiff filed an answer to the appeal seeking damages for frivolous appeal.
 

 |„LIS PENDENS
 

 In its first assignment of error, defen-' dant asserts the district court committed legal error in overruling its exception of lis pendens. The basis of this exception is defendant’s contention that prior to filing the instant suit, plaintiff first filed a claim against it with the OWC seeking recovery of the same workers’ compensation benefits he seeks to recover in this suit. As previously mentioned, that matter currently is pending, having recently been remanded to the OWC.
 

 Louisiana Code of Civil Procedure article 531 provides that “[w]hen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.” Under La. C.C.P. art. 925 A(3), the plea of lis pendens may be raised through a declinatory exception. However, the exception of lis pendens presupposes the existence of concurrent subject matter jurisdiction in two or more judicial forums.
 
 See State ex rel. Boucher v. Heard,
 
 232 La. 499, 504, 94 So.2d 451, 452 (1957);
 
 Clark v. State,
 
 02-1936, pp. 4-5 (La.App. 1st Cir.1/28/04), 873 So.2d 32, 34,
 
 writ denied,
 
 04-0452 (La.4/23/04), 870 So.2d 300.
 

 Accordingly, in the present case, even if the other requirements for lis pen-dens were satisfied and the OWC could be considered a “court” as contemplated by
 
 *967
 
 Article 531
 
 [1]
 
 , the exception of lis pendens still would not be well-founded. The jurisdiction exercised by the OWC over workers’ compensation claims is exclusive in nature.
 
 See
 
 La. R.S. 23:1310.3 E. Such exclusive jurisdiction differs from concurrent jurisdiction where district |.r,courts in certain matters maintain original jurisdiction at the same time that an agency or other court has also been granted the same original jurisdiction.
 
 Phillips v. Lowe’s Home Center, Inc.,
 
 03-0660, p. 4 (La.App. 1st Cir.4/28/04), 879 So.2d 200, 203. Since the jurisdiction granted to the OWC over matters arising under the WCA is exclusive, the district courts are divested of jurisdiction in such matters.
 
 Louisiana Retailers Mutual Insurance Company v. DeRamus,
 
 06-1427, p. 7 (La.App. 1st Cir.5/4/07), 960 So.2d 1048, 1052,
 
 writ denied,
 
 07-1189 (La.9/21/07), 964 So.2d 336;
 
 Phillips,
 
 03-0660 at pp. 4-5, 879 So.2d at 203. Therefore, since the OWC and the district court that decided the instant matter do not exercise concurrent jurisdiction, lis pendens is inapplicable. This assignment of error lacks merit.
 

 LACK OF SUBJECT MATTER JURISDICTION
 

 Defendant contends the district court erred in overruling its exception of lack of subject matter jurisdiction because this suit concerns an issue of non-payment of workers’ compensation benefits, which is a matter exclusively within the jurisdiction of the OWC under La. R.S. 23:1310.3 E. According to defendant, since plaintiffs claim involves an attempt to recover workers’ compensation benefits, the district court lacks jurisdiction to consider this matter.
 

 “Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” La. C.C.P. art. 2. The subject matter jurisdiction of district courts is set forth by La. Const. Art. V, § 16(A)(1) as follows:
 

 Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a |ndistrict court shall have original jurisdiction of all civil and criminal matters. [Emphasis added.]
 

 Thus, while district courts generally have original jurisdiction over all civil matters, an exception exists in the case of workers’ compensation matters when the law so provides.
 
 Broussard Physical Therapy v. Family Dollar Stores, Inc.,
 
 08-1013, p. 4 (La.12/2/08), 5 So.3d 812, 815. The jurisdiction granted by law to OWC judges is set forth in La. R.S. 23:1310.3 E, which, in pertinent part, states:
 

 [T]he workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers’ compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers’ compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil
 
 *968
 
 Procedure Articles 4651 et seq. concerning entitlement to workers’ compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter. [Emphasis added.]
 

 Pursuant to this provision, the OWC is granted exclusive jurisdiction over workers’ compensation claims arising out of the workers’ compensation law.
 
 Phillips,
 
 03-0660 at pp. 4-5, 879 So.2d at 203. However, the mere involvement of the workers’ compensation statute or a workers’ compensation claim does not automatically subject the entire matter to the jurisdiction of the OWC.
 
 TIG Insurance Company v. Louisiana Workers’ Compensation Corporation,
 
 04-2608, p. 4 (La.App. 1st Cir.6/10/05), 917 So.2d 26, 28,
 
 writ denied,
 
 05-1821 (La.1/27/06), 922 So.2d 553. The Louisiana Supreme Court has made it clear that the grant of jurisdiction in La. R.S. 23:1310.3 E is quite specific and provides for OWC jurisdiction only for “claims or disputes arising out of’ the WCA.
 
 Broussard Physical Therapy,
 
 08-1013 at p. 9, 5 So.3d at 817. Moreover, | .¡exceptions to the general rule that district courts are vested with original jurisdiction in civil matters must be narrowly construed.
 
 See TIG Insurance Company,
 
 04-2608 at p. 6, 917 So.2d at 29.
 

 In the instant case, based on our review of the record and the jurisprudence, we find defendant’s contention that the district court lacked subject matter jurisdiction to be without merit. The claim asserted by plaintiff in this suit does not arise from the WCA. Rather, it arose from La. R.S. 9:2782, which provides, in pertinent part, that:
 

 A. Whenever any drawer of a check dishonored for nonsufficient funds fails to pay the obligation created by the check within fifteen working days after receipt of written demand for payment thereof delivered by certified or registered mail, the drawer shall be liable to the payee or a person subrogated to the rights of the payee for damages of twice the amount so owing, but in no case less than one hundred dollars plus attorney fees and court costs.
 

 This provision creates a cause of action for the recovery of statutory penalties, court costs and attorney fees in situations where a check is dishonored for nonsuffi-cient funds and the drawee fails to pay the obligation created by the check within fifteen working days of receiving the written demand delineated in the statute. Further, unlike situations involving stop-payment orders, this provision does not provide for any exceptions to the plaintiffs’ recovery when these statutory requirements are met, even in situations where there is a dispute as to the amount owed or the existence of the obligation.
 
 Compare
 
 La. R.S. 9:2782.2 A.
 
 [2]
 
 Thus, it is not the obligation |sunderlying the issuance of the check that gives rise to this cause of action, but rather the drawee’s failure “to pay the obligation created by the check” within fifteen days of receiving written demand. The nature of the underlying
 
 *969
 
 obligation, which in this case happens to be the payment of workers’ compensation benefits, is merely incidental to the independent cause of action created by La. R.S. 9:2782.
 

 Defendant argues in opposition that there is a possibility of double recovery of compensation benefits or inconsistent judgments if the district court is allowed to exercise jurisdiction in this case. However, if an overpayment of benefits occurs, La. R.S. 23:1810.3 E specifically provides that jurisdiction for an employer’s demand to recover for overpayment of benefits lies with the OWC. Although it may appear judicially inefficient to adjudicate such a claim in a separate forum than the instant matter, the Supreme Court has indicated that judicial efficiency is insufficient to confer subject matter jurisdiction.
 
 See Broussard, Physical Therapy,
 
 08-1013 at p. 9, 5 So.3d at 817-18.
 

 In this case, the claim asserted by plaintiff as a result of the nonpayment of the checks did not arise under the WCA, despite the fact that the checks were issued as payment for weekly compensation benefits. Rather, it was defendant’s failure “to pay the obligation created by the check” within the specified time after receiving written notice that the checks were dishonored that gave rise to the claim asserted by plaintiff in the district court proceeding. Since plaintiffs claim for recovery under La. R.S. 9:2782 did not arise under the WCA, the district court was not divested of jurisdiction to consider the claim. Accordingly, the court properly overruled defendant’s exception of lack of subject matter jurisdiction.
 

 J^NO CAUSE OF ACTION
 

 In its final assignment of error, defendant argues that, due to the exclusivity provisions of La R.S. 23:1032, plaintiffs sole remedy for nonpayment of workers’ compensation benefits is to file a claim pursuant to the WCA.
 
 [3]
 
 Therefore, it contends the district court erred in overruling its exception of no cause of action, since it has immunity under La. R.S. 23:1032 from the instant suit.
 

 Defendant’s entire argument is premised on its position that the claim plaintiff asserts in the instant suit arises under the WCA. However, we have previously rejected this contention, concluding that plaintiff is seeking herein to recover for defendant’s failure to pay the obligation created by the issuance of the nonsufficient funds checks. The fact that the three cheeks were issued for the payment of compensation benefits is incidental to plaintiffs cause of action. Accordingly, we find this assignment of error to be without merit.
 

 ANSWER TO APPEAL
 

 Lastly, in an answer to this appeal, plaintiff argues he is entitled to an award for costs and additional attorney fees as
 
 *970
 
 damages for frivolous appeal because there was no appealable issue in this case.
 

 JjjUnder La. C.C.P. art. 2164, an appellate court may award damages for frivolous appeal. However, courts are reluctant to grant damages under this article, since it is penal in nature and must be strictly construed. Even when an appeal lacks serious legal merit, damages for frivolous appeal will not be awarded unless it is clear the appeal was taken solely for the purpose of delay or that the appellant was not serious in the position he advocated.
 
 Assaleh v. Sherwood Forest Country Club Inc.,
 
 07-1939, p. 11 (La.App. 1st Cir.5/2/08), 991 So.2d 67, 74.
 

 Based on our review of the record, we do not find an award for frivolous appeal to be warranted. Although we have found no merit in defendant’s appeal, we cannot say that the appeal was taken solely for the purpose of delay. To the contrary, it appears defendant was serious in the position it advocated on appeal and it presented cogent arguments in support thereof. Accordingly, we decline to award damages for frivolous appeal.
 

 CONCLUSION
 

 For the above reasons, the judgment of the district court is hereby affirmed. All costs of this appeal are to be paid by defendant, Hanson North America.
 

 AFFIRMED.
 

 [1]
 

 . We express no opinion as to whether the OWC can be considered a “court” for purposes of considering an exception of lis pen-dens, since resolution of that issue is unnecessary to this appeal.
 

 [2]
 

 . This provision provides that:
 

 Whenever any drawer of a check stops payment on the check with the intent to defraud or when there is no justifiable dispute as to the amount owed or the existence of the obligation, the drawer shall be liable to a holder in due course as defined in R.S. 10:3-302, or a person subrogated to the rights of such holder, for damages of twice the amount so owing, but in no case less than one hundred dollars, plus attorney fees and court costs, if the drawer fails to pay the obligation created by the check within thirty days after receipt of written demand for payment thereof substantially in the form provided for in Subsection C which notice is delivered by certified or registered mail. [Emphasis added.]
 

 [3]
 

 . Louisiana Revised Statutes 23:1032 A(l)(a) provides that:
 

 Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensa-ble sickness or disease.