McDonald, j.
lain this appeal, a claimant challenges an Office of Workers’ Compensation (OWC) judgment,- dismissing his claim for penalties and attorney fees against an entity that he contends failed to timely pay amounts due under a consent judgment. For the following reasons, we affirm the OWC judgment.
FACTUAL AND PROCEDURAL BACKGROUND[1]
After a work-related accident in 1995, William Taylor received temporary total disability benefits for several years. In 2011, the OWC determined Mr. Taylor was permanently and totally disabled and entitled to workers’ compensation benefits commensurate with that disability. In March of 2014, Mr. Taylor filed this disputed claim against Hanson North America (Hanson), the successor in interest to his former employer, contending that Hanson refused to authorize- “a myelo-gram/CT/PT” recommended by two physicians, and seeking penalties and attorney fees for Hanson’s-' failure to approve the medical treatment and evaluations and for failure to timely pay for medical expenses and prescriptions. Mr. Taylor later moved to dismiss some of his claims, and on June 12, 2014, the OWC judge signed a judgment dismissing his “claims for failure to approve [a myelogram], physical therapy[,] and CT scan” without prejudice.
In early November 2014, the parties began settlement negotiations as to Mr. Tay *170 lor’s remaining claims. On November 19, Hanson’s attorney purportedly sent a copy of a consent judgment that he signed to Mr. Taylor’s attorney via email; notably, this document is not in the appellate record. On December 1, the OWC judge signed a Consent Judgment, .“pursuant to tjie parties’ consent and stipulation,” ordering Hanson to pay a $7,000 penalty, a $7,000 attorney fee, and an outstanding invoice to a pharmacy. The judgment also dismissed the captioned matter ■ without prejudice, reserved Mr. Taylor’s claims for future compensation benefits, and dismissed all claims for penalties and attorney fees through November 11, 2014 with prejudice. On | ¡¡December 3, the OWC mailed notice of the signing of the Consent Judgment to the parties’ attorneys.
Pursuant to the Consent Judgment, Hanson sent payments totaling $15,639.64 to Mr. Taylor’s attorney — $7,000 sent on December 26; $1,639.64 sent on December 29; and, $7,000 sent on December 30. Mr. Taylor considered these payments late; his theory was that the parties had an enforceable agreement as of November-19, the day Hanson’s attorney purportedly sent the signed consent judgment, via email, and that Hanson was required to pay the settlement monies within 30 days of that date. So, Mr. Taylor filed a motion to enforce the Consent Judgment seeking additional penalties and attorney fees. After a hearing, the OWC judge signed an order-on February 19, 2Q15, stating that Hanson’s payment was timely and denying Mr. Taylor’s [1] motion. The OWC' judge concluded that the 30-day period within which Hanson was required to pay the settlement monies began to run on December 3, the date of the mailing of -the notice of the Consent Judgment was mailed. Mr. Taylor appeals from the adverse judgment.
After the appeal was taken, this Court issued a show cause order observing that the OWC’s February 19, 2015 ruling appeared to be interlocutory and nonap-pealable. Taylor v. Hanson NA, 15-0729 (La.App. 1 Cir. 7/23/15) (unpublished). This Court ordered the parties to brief the issue and referred the rule to show cause to this panel for decision. Taylor v. Hanson NA, 15-0729 (La.App. 1 Cir. 9/9/15) (unpublished). The OWC judge signed an amended judgment on August 4, 2015, intending to correct the apparent defects in the original ruling, and this court granted Mr. Taylor’s motion to supplement the appellate record with that amended judgment.
SUBJECT MATTER JURISDICTION
Appellate courts have the duty to examine subject matter jurisdiction sua sponte even when the parties do not raise the issue. Motorola, Inc. v. Associated Indemnity Corp., 02-0716 (La.App. 1 Cir. 4/30/03), 867 So.2d 715, 717 (en banc). While a final judgment is appealable, an interlocutory judgment is appealable only when expressly provided by law. LSA-C.C.P. art. 2083(C). A judgment that determines the merits in whole or in part is a final judgment, and a judgment that does not determine the merits is interlocutory. LSA-C.C.P. art. 1841.
|/The OWC’s initial February 19, 2015 order decrees that “[Hanson’s] payment of the Consent Judgment was timely” and that “[Mr. Taylor’s] request for penalties and attorney’s fees is denied.” Ordinarily, such issues would be entertained during the pendency of ;a suit and related rulings would be considered interlocutory. See Hughes v. Albertson’s Inc., 00-2542 (La. App. 1 Cir. 12/28/01), 803 So.2d 1150, 1152-53 (OWC judgment on penalties and fees, but not determining entitlement to compensation and in what amount, was interlocutory and not immediately appealable under LSA-C.C.P. árt.1915).
*171 To correct the February 19, 2015 order, the OWC judge’s subsequent August 4, 2015 amended judgment provides:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment is rendered herein in favor of [Hanson] and against [Mr. Taylor] finding that [Hanson’s] payment of the Consent Judgment [was] timely;
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment is rendered herein in favor of [Hanson] and against [Mr. Taylor] denying the request for penalties and attorney fees; and
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this Judgment constitutes [a] final judgment as there are no remaining issues before the Court and the ... above-captioned [matter is dismissed] with prejudice.
The amended judgment clearly states that Mr. Taylor’s motion -for additional penalties and fees was the only issue pending and that there remain no outstanding claims in this case. These statements are consistent with documents in the record, and any lack of clarity in the original judgment has been corrected in the amended judgment, which constitutes a final appealable judgment. Thus, we maintain the appeal, and now address the merits.
SETTLEMENT AGREEMENT
On appeal, Mr. Taylor' contends the trial court erred by failing to find there was an enforceable written settlement agreement between the parties as of November 19, 2014, the day Hanson’s attorney purportedly sent the signed consent judgment to Mr. Taylor’s attorney via email. According to Mr. Taylor, because Hanson did not pay the settlement monies within 30 days of November 19, it was liable to him for penalties and attorney fees under LSA-R.S. 23:1201(G).
 | ^Louisiana Revised Statute-23:1201(G) provides for an award of penalties and attorney fees if any award payable under the terms of a final, nonappealable judgment is not -paid within 30 days after it becomes due. In Trahan v. Coca Cola Bottling Co. United, Inc., 04-0100 (La.3/2/05), 894 So.2d 1096, 1103-04, the Louisiana Supreme Court concluded that a partial settlement of a compensation claim, if properly confected under LSA-C.C. art. 3071, et seq.,[2] constitutes a final, nonap-pealable judgment, for purposes of LSA-R.S. 23:1201(G).[3] An employee has the burden of proving his entitlement to statutory penalties. Parfait v. Gulf Island *172 Fab., Inc., 97-2104 (La.App. 1 Cir. 1/6/99), 733 So.2d 11, 24. Thus, to carry his burden, Mr. Taylor must prove that the settlement of his claims against Hanson was properly confected under LSA-C.C. art. 3071, et seq. To be enforceable, a compromise must either be reduced to writing and signed by the parties or their agents or be recited in open court and be capable of transcription from the record of the proceeding. LSA-C.C. art. 3072; Trahan, 894 So.2d at 1104.
Here, Mr. Taylor contends the parties’ settlement was reduced to' writing and signed on November 19, 2014. In support of his position, Mr. Taylor introduced an email exchange between his attorney and Hanson’s attorney, which began on November 10, with negotiations as to what Hanson would pay, and ended on November 19, with Hanson’s attorney stating; “Signed consent judgment -attached,” and Mr. Taylor’s attorney responding, “Please mail original and I will' file.” But, the actual document to which the’ attorneys refer as being “signed,” and which was purportedly attached to the email, is not in the record. Although it could be argued that the consent judgment referenced by the attorneys is the one the OWC ultimately signed on [ (¡December 1, 2014, the evidence in the record does not prove such. Thus, Mr. Taylor has not proven the substance of what the parties actually agreed to on November 19, 2014. Rather, the first proof that the parties’ settlement was “reduced to writing and signed by the parties” appears on December 1, 2014, the date the OWC signed the Consent Judgment ordering Hanson to pay certain amounts.[4]
Because Mr. Hanson has not proven that a settlement was “reduced to writing and signed by the parties” on November 19, 2014, he has also failed to prove that Hanson is liable for penalties and attorney fees under LSA-R.S. 23:1201(G) for failing to pay the settlement monies within 30 days of that date. And, because of this failure of proof, we need not decide when the 30 day period began to run, or if the OWC judge correctly found that the 30 day period began on December 3, 2014, the date the OWC mailed notice of the OWC judge’s signing of the Consent Judgment to the parties’ attorneys.
CONCLUSION
For the foregoing reasons, the appeal is maintained, and the August 4, 2015 OWC judgment is affirmed. Costs of the1 appeal are assessed to William Taylor.
AFFIRMED.
THERIOT, J., concurs.
McCLENDON, J., dissents in part and assigns reasons.

. Prior disputes between Mr. Taylor and Hanson over his workers’ compensation benefits have beén discussed in this court’s prior opinions reported at Taylor v. Hanson NA, 12-0286 (La.App. 1 Cir. 1/9/13), 112 So.3d 272, writ denied. 13-0344 (La.4/1/13), 110 So.3d 586; Taylor v. Hanson NA, 08-2282 (La.App. 1 Cir. 8/4/09), 21 So.3d 963; Taylor v. Hanson NA, 08-1944 (La.App. 1 Cir. 5/8/09), 13 So.3d 660; and Taylor v. Hanson NA, 08-2282 (La. App. 1 Cir. 8/4/09), 21 So.3d 963.

. Louisiana Civil Code article 3071 provides: "A compromise is a contract whereby the parties, through concessions made by one or - more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship.” Louisiana Civil Code article 3072 provides: "A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings.”

. Generally, lump sum settlements and other compromise settlements resulting in a full and final discharge and release of the employer require OWC approval. See LSA-R.S. 23:1271, 23:1272, 23:1274. But, if the settling employee reserves his rights to future compensation, the settlement of his workers' compensation claim does not involve a “full and final discharge and release” and does not require OWC approval. Trahan, 894 So.2d at 1103-04; Gros v. STMG Lapeyre, LLC, 14-0848 (La.App. 1 Cir. 5/6/15), 2015 WL 2169680; Young v. Jack in the Box, Inc., 05-1573 (La.App. 3 Cir. 5/3/06), 929 So.2d 855, 857, writ denied, 06-1357 (La.9/22/06)/- 937 So.2d 390. In such cases, the validity and enforceability of the partial settlement of a compensation claim is governed by LSA-C.C. art. 3071. Trahan, 894 So.2d at 1104.

. The December, 1, 2014 Consent Judgment bears a date stamp showing the OWC received the document in some form on November 26, 2014. Contrary to the dissent, we do not find the date stamp alone is proof that the parties' settlement was "reduced to writing and signed by the parties” as of that date. And, even if there was a settlement as of November 26th, the Consent Judgment was still subject to judicial scrutiny and not final until the WCJ signed it on December 1, 2014. See Hebert v. Doctors Memorial Hosp., 486 So.2d 717, 720-21 (La.1986) (statutorily abrogated on other grds).