LOLLEY, J.
hThe Musculoskeletal Institute of Louisiana, A.P.M.C. (“MIL”), seeks review of a judgment by the First Judicial District *530 Court, Parish of Caddo, State of Louisiana, denying its exception of lack of subject mattef jurisdiction as to ciatos made by Brookshire Grocery Company. In its exception, MIL argued that the Office of Workers’ Compensation has exclusive jurisdiction over any matter stemming from a worker’s conipensation claim. Initially, MIL filed an application for supervisory writs with this court, which was denied. MIL then filed an application for Writ of certiorari with the Louisiana Supreme Court seeking review of the district court’s judgment and this court’s writ denial. The Supreme Court granted the writ application and remanded the matter to this court for briefing, argument, and opinion. Brookshire Grocery Co. v. Musculoskeletal Inst. of La., A.P.M.C., 2015-1216 (La.09/25/15), 178 So.3d 153. For the following reasons, we affirm the district court’s judgment.
Facts
In September of 2013, MIL filed three separate disputed claims for workers’ compensation benefits with the Office of Workers’ Compensation (“OWC”) alleging that it had not been paid for medical services rendered' to three employees of Brookshire Grocery Company (“Brookshire”), Those employees allegedly had been injured arising out of and in the course of their employment with Brookshire and allegedly received medical services from MIL. In those lawsuits, Brookshire maintained that it had never received notice as required by the Louisiana Workers’ Compensation Act, La. R.S. 23:1020.1, et seq. (the “Act”),' for any medical services performed |2as to those employees before MIL filed its claims. In March 2014, just prior to a hearing on Brookshire’s motion to compel discovery, MIL voluntarily dismissed its claims against Brookshire with prejudice.
On July 2, 2014, Brookshire filed suit in the district court. It alleged that MIL’S workers’ compensation claims were frivolous, because MIL knew, or - should have known, prior to the filing of its claims that it never sent Brookshire medical invoices for the medical services provided to- the employees. Brookshire further alleged that it incurred considerable expenses defending those claims at the OWC, including having to file the motion to compel. Brookshire requested that the district court award sanctions, reasonable damages and attorney’s fees against MIL pursuant to La. C.C.P. art. 863.
In response, MIL filed an exception of lack of subject matter jurisdiction contending that Brookshire’s suit should have been filed in the OWC, because Brook-shire’s claim arose out of workers’ compensation disputes. A hearing was conducted on MIL’S exception, and following argument by both parties, the district court concluded that it had jurisdiction over the matter. MIL’S exception was denied.
As stated, MIL sought review by this court of the district court’s ruling, contending that the OWC has exclusive, original subject matter jurisdiction over Brook-shire’s suit because it arose from workers’ compensation claims. We denied the writ, and MIL filed a supervisory writ with the Louisiana Supreme Court, which granted the writ application and [¡¡remanded the matter to this court for briefing, argument, and opinion. Brookshire Grocery Co., supra. The matter is before us for review.
Discussion
MIL argues that not only does the OWC have the authority to grant sanctions under La. C.C.P. art. 863, but it has original, exclusive subject matter jurisdiction over Brookshire’s claim, because it falls-under the Act. MIL maintains that the district court does not have subject matter jurisdiction over Brookshire’s claim. We disagree.
*531 Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The district courts are vested with original jurisdiction over all civil and criminal matters unless the Louisiana Constitution provides otherwise or except as provided by law for administrative agency determinations in workers’ compensation matters. La. Const. Art.V, § 16. As a court of general jurisdiction, the district court has jurisdiction over a claim generally related to workers’ compensation unless the legislature, through some specific provision of the Act, designated the claim a workers’ compensation matter or otherwise granted workers’ compensation judges authority to adjudicate the claim. Lloyd v. Shady Lake Nursing Home, Inc., 47,025 (La.App.2d Cir.05/09/12), 92 So.3d 560, 564, writ denied, 2012-1318 (La.09/28/12), 98 So.3d 844.
Brookshire has filed its petition seeking sanctions pursuant to La. C.C.P. art. 863, which states:
14A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A .party who is not represented by an attorney shall sign his pleading and state his address.
B.Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to' have evidentiary support after a reasonable opportunity for further investigation or discovery.
(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
D. If, upon motion of any party. or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant- to the issue of imposition of the sanction.
|bF. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is *532 filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier....
The jurisdiction granted by law to the OWC is set forth in La. R.S. 23:1310.3(F), which states:
Except as otherwise provided by R.S. 23:1101(B), 1361, and 1378(E), the workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers’ compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers’ compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et seq. concerning entitlement to workers’ compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter. (Emphasis added).
The Louisiana Supreme Court has made it clear that the grant of jurisdiction in La. R.S. 23:1310.3(F) is quite specific and provides for OWC jurisdiction only for “claims or disputes arising out of’ the Act. Broussard Physical Therapy v. Family Dollar Stores, Inc., 2008-1013 (La.12/02/08), 5 So.3d 812, 817.[1] Moreover, exceptions to the general rule that district courts are vested with original jurisdiction in civil matters must be narrowly construed. Id.
Claims must be closely and carefully scrutinized before making a jurisdictional determination that an OWC has original and exclusive jurisdiction. Orthopedic Specialists of La. v. Western Waste Indus., Inc., 1 28,281 (La.App.2d Cir.05/13/96), 674 So.2d 1180, 1182. The original and exclusive jurisdiction vested in the OWC to hear “claims or disputes arising out of’ the Act is limited to claims for benefits under the Act and disputes regarding the payment of benefits under the Act, i.e., resulting from work-related injuries. Broussard Physical Therapy, supra. When the dispute involves something other than the payment of benefits, the OWC lacks jurisdiction to hear a dispute incidentally related to the Act. The mere involvement of a worker’s compensation statute or claim does not automatically subject the entire matter to the jurisdiction of the OWC; if the claim merely relates to the compensation claim, the OWC does not necessarily have subject matter jurisdiction. Broussard Physical Therapy, supra; Ryan v. Blount Bros. Const., 40,845 (La.App.2d Cir.04/19/06), 927 So.2d 1242, 1247, writ denied, 2006-1219 (La.09/15/06), 936 So.2d 1272.
In Taylor v. Hanson North Amen, 2008-2282 (La.App. 1st Cir.08/04/09), 21 So.3d 963, an employee was receiving workers’ compensation benefits from his employer until the employer’s successor in interest began issuing the employee checks that were returned for insufficient funds. The employee filed suit in district court to recover the face value of the checks, as well as statutory penalties and attorney fees. The employer filed exceptions of lis pendens and lack of subject matter jurisdiction, but the district court overruled the exceptions and awarded the plaintiff the value of the checks, penalties *533 and attorney fees. The defendant appealed, arguing in part that the trial court lacked subject matter jurisdiction to hear the case. The Taylor court affirmed, finding that the ^plaintiffs civil suit did not “arise out of’ his workers’ compensation claim, but instead was based on La. R.S. 9:2782, the statute relating to penalties arising from the issuance of a worthless check. Noting that district courts are generally vested with original jurisdiction over civil matters, the court held that the district court had subject matter jurisdiction over the suit. Id.
In this case, the claim asserted by Brookshire was a result of MIL filing its lawsuits allegedly in violation of La. C.C.P. art. 863. Brookshire’s initial petition for damages states that MIL’s actions and omissions resulted in needless litigation causing Brookshire to incur considerable expenses and legal fees.
We agree that it was the alleged behavior by MIL (not an injury to an employee) that gave rise to Brookshire’s claim in the district court. Brookshire’s claim for recovery was under La. C.C.P. art. 863, not under the Act; therefore, the district court was not divested of jurisdiction to consider the claim. Moreover, because Brook-shire’s civil lawsuit does not request relief under the Act, it is not a “claim or dispute arising out of’ the Act. The OWC will not have original, exclusive jurisdiction merely because a claim might be tangentially related to the Act — the claim must arise from the Act. This dispute is a civil matter within the original jurisdiction of the district courts. Accordingly, there is no reason why the OWC would have original, exclusive subject matter jurisdiction in this case, and the district court properly denied the exception filed by MIL.
Finally, we recognize that a WCJ is authorized to impose sanctions under La. C.C.P. art. 863. Dufour v. River City Mgmt., Inc., 2006-1487 (La.App. 3d Cir.11/28/07), 970 So.2d 1233, 1235; see also, McKinney v. Little, 1995-177 (La.App. 3d Cir.05/31/95), 660 So.2d 494, and Lane Mem’l Hosp. v. Gay, 2003-0701 (La.App. 1st Cir.02/23/04), 873 So.2d 682. However, the case sub judice was filed after the lawsuits by MIL were dismissed from the OWC — there was no pending litigation in the OWC. Thus, although a WCJ might be authorized to award art. 863 sanctions, here that was not an option because there was no pending litigation in which to do so. Simply because the OWC might have the ability to make an award of sanctions under art. 863, does not divest the district court of subject matter jurisdiction for a later claim that is wholly unrelated to a claim or dispute arising from the Act.
Conclusion
Considering the foregoing, we affirm the judgment in favor of Brookshire Grocery Company denying the exception of lack of subject matter jurisdiction filed by The Musculoskeletal Institute of Louisiana, A.P.M.C. All costs of this appeal are assessed to MIL.
AFFIRMED.

. Subsection 1310.3 of the statute was amended by act 2010, No. 53, § 1, and the applicable provision moved from (E) to (F).