818 So.2d 167 (2002)
Grover PERKINS, Sr.
v.
Donovan WILLIE and Allstate Insurance Co.
No. 2001 CA 0821.
Court of Appeal of Louisiana, First Circuit.
February 27, 2002.
*168 Carl A. Perkins, Covington, Counsel for Plaintiff/Appellant, Grover Perkins, Sr.
Barbara Stavis Wolf, Covington, Counsel for Defendants/Appellees, Donovan Willie and Allstate Insurance Co.
John C. Jacobs, William C. Helm, Baton Rouge, Counsel for Defendants, Clayton Garrett and American International South Insurance Company.
Before: CARTER, C.J., WHIPPLE and KLINE[1], JJ.
*169 CARTER, C.J.
On January 19, 1998, an automobile accident occurred in Uneedus, Louisiana, involving Grover Perkins Sr. (plaintiff), Donovan Willie, and Clayton Garrett. On January 19, 1999, plaintiff filed suit against Donovan Willie and Allstate Insurance Company (defendants) for damages arising from the accident. Plaintiff later amended his petition to add as defendants Clayton Garrett and American International South Insurance Company.
On February 16, 2000, defendants filed a motion to dismiss for failure to request service of process pursuant to Louisiana Code of Civil Procedure articles 1201 and 1672 C. The motion, originally set for hearing on May 1, 2000, was continued twice at plaintiff's request. The trial court heard the motion on September 5, 2000. At the beginning of the hearing, plaintiff's counsel stated: "After the last court date, I was told that I would be given no more continuances.... So, I will go forth and argue but, taking exception that this hearing should be continued again.... [B]ecause I haven't had enough time to complete discovery .... But I will go forward, Your Honor." After the hearing, the trial court rendered judgment granting the motion. Plaintiff appeals.[2]

MOTION FOR CONTINUANCE
Plaintiff made an oral informal request for a continuance on the morning of trial. A motion for continuance in a civil case need not be in writing. See La.Code Civ. Pro. art. 1603. Although plaintiff never made a formal motion, we shall liberally construe plaintiff's comments at the hearing as a motion for continuance.
Plaintiff contends the trial court abused its discretion in denying his motion. The trial court has discretion to grant a continuance if the mover shows good grounds therefor. See La.Code Civ. Pro. art. 1601. The trial court's ruling regarding a continuance will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. Appellate courts interfere in matters such as control of a trial court's docket, case management, and determining whether a motion for continuance should be granted only with reluctance and in extreme cases. Willey v. Roberts, 95-1037, p. 3 (La.App. 1st Cir.12/15/95), 664 So.2d 1371, 1374, writ denied, 96-0164 (La.3/15/96), 669 So.2d 422.
Plaintiff's only stated reason for his request for a continuance was that he had been unable to locate Judy Munn, Allstate's insurance adjuster, and had not completed discovery. He did not explain what relevance Munn's testimony would have had to the motion to dismiss his case for failure to request service on the defendants within 90 days of filing suit. While liberally construing plaintiff's comments at the hearing to be an oral motion for continuance, we find no abuse of the trial court's discretion.

DISMISSAL FOR FAILURE TO REQUEST SERVICE TIMELY
Plaintiff's suit was dismissed as to defendants for failure to request service on them within 90 days of filing suit. Code of *170 Civil Procedure article 1201 A states that all proceedings in civil actions without citation and service are absolutely null.[3] Article 1201 C requires that service of citation be requested on all named defendants within 90 days of commencement of the action. Plaintiff filed suit on January 19, 1999. He does not dispute that he failed to request service on defendants until January 18, 2000, one year later.
Code of Civil Procedure article 1672 C provides the penalty for failing to abide by the rules set out by article 1201:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
Plaintiff contends, however, that even though he failed to comply with article 1201C, his suit should not have been dismissed. He alleges that a motion to dismiss under articles 1201 C and 1672 C is merely an objection raising a dilatory exception, which retards the progress of the litigation rather than defeats it. Since he had requested service before the date of the hearing, he contends that objection was moot.
Article 1672 C states that a judgment without prejudice "shall be rendered" if plaintiff fails to show good cause for his failure to timely request service. In Norbert v. Loucks, 01-1229 (La.6/29/01), 791 So.2d 1283, the plaintiff's first attorney failed to request service on Ms. Loucks, contending he was unable to locate her. The plaintiff's second attorney located Ms. Loucks and promptly requested service on her. The trial court denied a motion to dismiss for failure to request service timely. Despite service on Ms. Loucks at the time of the hearing, the supreme court found plaintiff failed to show good cause for not requesting service on Loucks timely and reversed the trial court, dismissing the suit without prejudice.
At the hearing, the only reason set forth by plaintiff's counsel for failure to request service on defendants was that Allstate refused to assist plaintiff in locating Judy Munn. Plaintiff does not aver he lacked knowledge of the whereabouts of Donovan Willie or Allstate Insurance Company. In brief he offers no explanation for the delay in requesting service. Since plaintiff failed to show good cause why service was not requested within 90 days of commencement of the action, we find the trial court did not err in following article 1672 C's mandate to dismiss plaintiff's action against defendants without prejudice.

DISMISSAL WITHOUT PREJUDICE
Plaintiff also assigns as error that his suit was dismissed with prejudice, although the judgment states it was dismissed without prejudice. Code of Civil Procedure article 1672 C provides for dismissal without prejudice upon the granting of a motion to dismiss for failure to request service on a defendant within 90 days of commencement of an action. While the trial court erroneously stated the dismissal was with prejudice at the hearing, that mistake was corrected when the judgment was prepared. Where there is a discrepancy between the judgment and *171 the reasons for judgment, the judgment prevails. Talbot v. C & C Millworks, Inc., 97-1489, p. 3 n. 1 (La.App. 1st Cir.6/29/98), 715 So.2d 153, 155 n. 1. Thus, plaintiff's complaint that the trial court erred in dismissing his suit with prejudice has no merit.

MOTION TO REMAND
Plaintiff moved to remand this case to the trial court, which motion was referred to the merits. For the following reasons, this motion is denied. Plaintiff contends the judgment "contains a material error of substance" and therefore should be remanded so that the judgment could be "annulled and corrected." Plaintiff does not explain what "error of substance" allegedly renders the judgment null, nor does he cite any authority for the proposition that a trial court can "correct" an annulled judgment. An annulled judgment is void and has no effect; it cannot be revived by post-nullification amendment. Furthermore, if plaintiff is seeking to have the judgment amended rather than annulled, a trial court cannot correct a substantive error by amendment. See La. Code Civ. Pro. art. 1951(1).

CONCLUSION
For the foregoing reasons, we deny plaintiff's motion to remand and affirm the judgment of the trial court granting the motion of Donovan Willie and Allstate Insurance Company to dismiss plaintiff's suit against them for failure to request timely service of process. Plaintiff is assessed with all costs.
AFFIRMED; MOTION TO REMAND DENIED.
NOTES
[1] Honorable William F. Kline, Judge (retired), serving Pro Tempore by special order of the Louisiana Supreme Court.
[2] Although the judgment appealed from herein did not dismiss all the parties, the trial court did not certify the judgment as final, nor did the parties specifically agree that it was final. In light of the current confusion in the law as to whether a judgment that dismisses less than all the parties is final pursuant to Louisiana Code of Civil Procedure article 1915 A(1) prior to its amendment by 1999 La. Acts, No. 1263, § 1, we shall maintain the appeal. See Shell Pipeline Corp. v. Kennedy, 00-3207 (La.10/16/01), 799 So.2d 475.
[3] The exceptions are summary and executory proceedings and divorce proceedings under Louisiana Civil Code article 102.