907 So.2d 86 (2005)
Edward ALLMAN
v.
WASHINGTON PARISH POLICE JURY and Louisiana Insurance Guaranty Association.
No. 2004 CA 0600.
Court of Appeal of Louisiana, First Circuit.
March 24, 2005.
*87 Cassandra Krebs, Covington, for Plaintiff-Appellee Edward Allman.
Leon A. Aucoin, Covington, for Defendants-Appellants Washington Parish Police Jury and Louisiana Insurance Guaranty Association.
Before: CARTER, C.J., PETTIGREW, and McDONALD, JJ.
PETTIGREW, J.
In this workers' compensation dispute, the claimant, Edward Allman, was injured in the course and scope of his employment with the Washington Parish Police Jury ("Police Jury") on June 24, 1985. According to the record, Mr. Allman received temporary total disability ("TTD") benefits *88 in the amount of $136.80 per week from the date of the injury until the workers' compensation insurer for the Police Jury was placed in liquidation. The Louisiana Insurance Guaranty Association ("LIGA") continued the payment of Mr. Allman's TTD benefits in the same amount until August 1, 2001. Thereafter, LIGA reduced Mr. Allman's benefits to supplemental earnings benefits in the amount of $33.67 per week, or $145.90 per month. Subsequently, on June 15, 2002, LIGA terminated all benefits, prompting Mr. Allman to file a disputed claim for compensation.
The matter proceeded to trial on November 19, 2003, at which time the parties presented the following issues to the workers' compensation judge ("WCJ") for consideration: (1) Mr. Allman's average weekly wage; (2) whether the reduction of benefits on August 1, 2001, was improper; (3) whether the termination of benefits on June 15, 2002, was improper; and (4) whether Mr. Allman was entitled to related penalties and attorney fees for the reduction and/or termination of his benefits. After listening to the testimony of the witnesses at trial and reviewing the applicable law and evidence in the record, the WCJ rendered judgment on December 1, 2003, in favor of Mr. Allman and against the Police Jury and LIGA. The WCJ found that Mr. Allman was permanently and totally disabled and entitled to reinstatement of his full benefits of $136.80 per week "retroactive to August 1, 2001 and continuing, with a credit for SEB paid." The WCJ further awarded Mr. Allman $5,000.00 in attorney fees pursuant to La. R.S. 23:1201.2.[1] This appeal followed.
On appeal, the Police Jury and LIGA ("appellants") argue that the WCJ was manifestly erroneous in finding that Mr. Allman was permanently and totally disabled and awarding Mr. Allman disability benefits. Appellants further contend the WCJ's award of statutory penalties was manifestly erroneous as there "is no authority for assessing LIGA with penalties and [attorney] fees either as a covered claim or as a result of its own actions."

Reinstatement of Benefits
Whether a claimant has carried his or her burden of proof and whether testimony is credible are questions of fact to be determined by the trier of fact. Lizana v. Gulf Coast Pain Institute, XXXX-XXXX, p. 4 (La.App. 1 Cir. 5/14/04), 879 So.2d 763, 765. Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of review. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. Thus, "[i]f the [fact finder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
Following an extensive review of the record and exhibits in this matter, we cannot *89 conclude the WCJ was manifestly erroneous in finding that Mr. Allman was permanently and totally disabled and entitled to reinstatement of his full benefits. Noting that Mr. Allman was an "extremely credible witness," the WCJ opined that he could not be sufficiently retrained to re-enter the workforce after an absence of almost twenty years. The WCJ's ruling is reasonable and supported by the record. Thus, we must affirm the portion of the judgment that reinstated Mr. Allman's compensation benefits.

Award of Attorney Fees
As previously indicated, the WCJ awarded Mr. Allman $5,000.00 in attorney fees pursuant to La. R.S. 23:1201.2.[2] On appeal, appellants assert that attorney fees cannot be awarded against LIGA because it is not an insurer but rather an association created under La. R.S. 22:1380.[3] As such, appellants maintain, the provisions of La. R.S. 23:1201.2, which are applicable only to the employer and his insurer, do not apply to LIGA. Appellants further contend that Mr. Allman failed to introduce any evidence that his former employer, the Police Jury, had any input with respect to the handling of his claim. Thus, appellants argue the award of attorney fees against the Police Jury or LIGA should be reversed. We agree.
With regard to the Police Jury, we have found no evidence of any wrongdoing on its part with regard to either the reduction and/or the termination of Mr. Allman's benefits. Thus, the record does not support a finding that the Police Jury was arbitrary and capricious in its handling of this claim. Accordingly, the award of attorney fees against it cannot stand.
Likewise, although for different reasons, the award of attorney fees against LIGA must be reversed. Pursuant to La. R.S. 22:1382(A)(1)(a) and (2), LIGA shall be "obliged to the extent of the covered claims existing prior to the determination of the insurer's insolvency" and shall be "deemed the insurer to the extent of its obligation on the covered claims." As defined in La. R.S. 22:1379, a "covered claim" is "an unpaid claim, including one for unearned premiums by or against the insured or agent, which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy." La. R.S. 22:1379(3)(a). However, a "covered claim" "shall not include any claim based on or arising from a pre-insolvency obligation of an insolvent insurer, including but not limited to ... statutory penalties and attorneys' fees." La. R.S. 22:1379(3)(d).
In interpreting La. R.S. 23:1201.2, we are reminded of the well-settled rule in Louisiana law that statutes providing for penalties and attorney fees are penal in *90 nature and must be strictly construed. Craig v. Bantek West, Inc., XXXX-XXXX, p. 7 (La.App. 1 Cir. 9/17/04), 885 So.2d 1241, 1245. Under a strict construction of La. R.S. 23:1201.2, we are unable to say that LIGA is an insurer for purposes of an award of attorney fees. See Bowens v. General Motors Corp., 608 So.2d 999, 1004-1005 (La.1992). Thus, LIGA is not liable for attorney fees, either as a covered claim or as a result of its own actions, and we reverse the award of $5,000.00 in attorney fees against LIGA.

DECREE
For the above and foregoing reasons, we affirm the WCJ's judgment insofar as it reinstates Mr. Allman's compensation benefits, we reverse the award of $5,000.00 in attorney fees rendered against the appellants, and we assess all costs associated with this appeal equally between Mr. Allman and the appellants. This memorandum opinion is issued in compliance with Uniform Rules  Courts of Appeal, Rule 2-16.1(B).
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] We note that the WCJ's written reasons for judgment speak only to "LIGA's arbitrary and capricious reduction and subsequent termination of benefits" when addressing the award of attorney fees. However, in the December 1, 2003 judgment, the WCJ rendered judgment against both the Police Jury and LIGA. Where there is a discrepancy between the judgment and the reasons for judgment, the judgment prevails. Perkins v. Willie, XXXX-XXXX, p. 5 (La.App. 1 Cir. 2/27/02), 818 So.2d 167, 170-171. Thus, we must treat the award of attorney fees as though it was rendered against both the Police Jury and LIGA.
[2] At the time of this case, La. R.S. 23:1201.2 provided, in pertinent part, as follows: "Any employer or insurer who at any time discontinues payment of claims due ... when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims." Pursuant to La. Acts 2003, No. 1204, § 2, La. R.S. 23:1201.2 was repealed and is now incorporated in La. R.S. 23:1201.
[3] Concerning the creation of LIGA, La. R.S. 22:1380(A) provides as follows:

There is created a private nonprofit unincorporated legal entity to be known as the "Insurance Guaranty Association", whose domicile for purpose of suit shall be East Baton Rouge Parish, Louisiana. All insurers defined as member insurers in R.S. 22:1379 shall be and remain members of the association as a condition of their authority to transact insurance in this state. The association shall perform its functions under a plan of operation established and approved under R.S. 22:1383 and shall exercise its powers through a board of directors established under R.S. 22:1381.