LOLLEY, J.
 

 _JjThis suit was filed by the Hogg family seeking recovery for damages for contamination and trespass of their family property that occurred as a result of an alleged leak at a filling station in Ruston, Louisiana between the years 1984 through 1997. The defendants include Chevron, USA i/k/a Gulf Station, E. Lee Young individually and E. Lee Young and Company, Inc., together with William T. Burt, Jr., individually (“Burt Jr.”). Burt Jr. and the other defendants brought motions for summary judgment seeking a determination that the
 
 *446
 
 Hoggs’ claims had prescribed at the time the suit was filed.
 

 In addition, Burt moved for summary judgment arguing that he was not an owner of the property at issue and therefore had no duty to the Hoggs. The trial court denied all motions for summary judgment and made a factual finding that prescription had not run and there were genuine issues of material fact as to whether Burt Jr. had a duty to the Hoggs. All defendants applied to this court for supervisory review; this court granted Burt Jr.’s application and placed it on the regular docket.
 

 Therefore, the limited issue on appeal is whether the trial court properly denied a motion for summary judgment finding that there are issues of material fact involved as to the existence of William Burt Jr.’s duty to the Hoggs and whether the claim has prescribed.
 

 FACTS
 

 E. Lee Young and his wife initially owned the filling station personally and later transferred ownership to their corporation in the 1970’s. Around the same time, William Burt, Sr., orally leased the station from |aYoung to carry on the business of a gas station and a mechanic shop. Until his death in 1988, the station was operated by William Burt, Sr. After Burt, Sr.’s death, his wife took over operation of the station until January 2000 when Burt Jr. formed an L.L.C., “Burt’s Chevron Service Center” which orally leased the premises from E. Lee Young and Company, Inc. Before taking over the business, however, Burt Jr. helped his parents run the business including working as a mechanic at the station. The plaintiffs’ petition alleges that a substantial amount of gasoline was released “during the period 1984 to 1997” and Burt Jr. was made a defendant. Burt Jr. contends that the trial court erred and this action is prescribed, or in the alternative he owed no duty to the Hoggs and is entitled to a summary judgment. This writ application ensued.
 

 LAW AND DISCUSSION
 

 Burt Jr. contests the trial court’s denial of his motion for summary judgment. We apply a
 
 de novo
 
 standard of review in considering the trial court’s rulings on a summary judgment motion. Summary judgment should be granted where “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. P. art. 966(B). A genuine issue exists where reasonable persons, after considering the evidence, could disagree.
 
 Suire v. Lafayette City-Parish Consol. Government,
 
 2004-1459 (La.04/12/05), 907 So.2d 87.
 

 lain determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony or weigh evidence.
 
 Id.
 
 A fact is “material” if it is one that would matter at trial on the merits.
 
 Id.
 
 Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits.
 
 Id.
 

 Here, the record clearly reflects that Burt Jr. did not have any lease interest in the gas station until 2000. Since Burt Jr. was not the lessee at the time of the incident, he cannot be held responsible for the damages involved. In
 
 Price v. Tenneco Oil Company,
 
 2008-441 (La.App. 3d Cir.11/05/08), 996 So.2d 1260, a trawler collided with an unlit, unmarked abandoned well structure. The owner of the trawler sued the state (as owner of the lake bottom), Tenneco (the original constructor of the infrastructure), and all lessees thereafter, including Unocal. The
 
 *447
 
 Price court found that Unocal was entitled to summary judgment since it was not the lessee when the accident occurred. The same analysis is applicable here.
 

 In fact, courts have routinely found that lessees are not responsible for the storage tanks unless explicitly noted in a contract. In
 
 Abadie v. Markey,
 
 1997-684 (La.App. 5th Cir.03/11/98), 710 So.2d 327, the lessor of property for a gasoline station brought an action against the lessee’s sureties for damages from leaking tanks. There, the written lease agreement provided, in part:
 

 Lessee will at Lessee’s sole expense keep and maintain in good repair the entire leased premises, including without limitation ... all underground gasoline storage tanks and related equipment. ...
 

 l4The
 
 Abadie
 
 court found that the paragraph “does not contemplate that the lessee would be responsible for leaking tanks that would have to be removed.”
 
 Id.
 
 at 331. In the instant case, since there was only an oral contract, we cannot find that the lease contemplated this type of responsibility.
 
 [1]
 

 The record also reflects that the one time a leak did occur during Burt, Sr.’s lease terms, the Burts called Young to deal with the problem. Burt Jr. and Young stated in their depositions that sometime between 1978 and 1988, there was an underground leak or as Burt Jr. described it, “a little gasoline coming up at the pump island through a divider in the concrete.” Burt Jr. explained that they contacted Young, and that the ground was dug up and a leak discovered in the PVC pipe that connected the underground tanks to the pumps. The leak was repaired by Young. This course of conduct, at the very least, is indicative of who was
 
 not
 
 responsible for dealing with a “leak.”
 

 We also cannot agree with the plaintiffs’ argument that Burt Jr. inherited his father’s interest. There is clearly no ownership of the land, and the oral lease was not subject to an inheritance, otherwise Burt Jr. would not have negotiated another lease. Undoubtedly, it is hard to reconcile that Burt Jr. “inherited” gasoline that was spilled on land his family never owned. Even if Burt, Sr. “owned” the actual gasoline in accordance with the |fibuy/sell arrangement with Young, Burt Jr. did not have privity with the oral contract between his dad and Young. In addition, given that gasoline is a fungible good, we cannot find that Burt Jr. “inherited” the gasoline.
 

 Nonetheless, plaintiffs seek to impute the years Burt’s father was a lessee onto Burt Jr. based on Burt Jr.’s role at the station; however, the record does not support this. Burt Jr. merely helped his parents run
 
 their
 
 business. Even if Burt Jr. played a vital role in the day-to-day operations of the gas station, this does not lend itself to the type of responsibility plaintiffs seek to impose on him. There is nothing in the record that establishes Burt Jr.’s role was akin to a lessee, nor does it show that Burt Jr.’s duties included monitoring the tanks.
 

 Plaintiffs argue that ownership of the land is unnecessary according to La. C.C. art. 2317 which states:
 

 We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
 

 
 *448
 
 Plaintiffs further allege that a proprietor, such as Burt Jr., is liable for the damages caused by the leak and point to La. C.C. art. 667 which states:
 

 Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in Ran appropriate case. Nonetheless, the proprietor is answerable for damages without regard to his knowledge or his exercise of reasonable care, if the damage is caused by an ultrahazardous activity. An ultrahazardous activity as used in this Article is strictly limited to pile driving or blasting with explosives.
 

 While this may be true, plaintiffs failed to show how either article applies to Burt Jr. He did not have “custody” of the filling station during the period of time alleged in the petition nor was he the “proprietor” at the time. As stated earlier, other than helping his parents, Burt Jr. did not have any type of interest in the property or lease agreement. We find that the plaintiffs’ theory of recovery, specifically that Burt Jr. is implicated solely based on the work he did at his father’s station, is unpersuasive. We note that if another unrelated person became a proprietor of the gas station that person would not be subject to this lawsuit. Since the petition does not allege a spill after 1997, and there is no evidence of a spill occurring after Burt Jr. took over, we cannot find that a genuine issue of material fact exists as to Burt Jr.’s duty to the Hoggs.
 

 Burt carried his burden of showing the absence of facts that demonstrate any viable theory of recovery as to him. In other words we believe that reasonable persons, after considering the evidence, would not disagree that Burt Jr., cannot be held responsible for any leaks during the alleged period in plaintiffs’ petition. Therefore, we find the plaintiffs’ arguments without merit.
 

 CONCLUSION
 

 For the foregoing reasons, we grant the writ and make it peremptory. Because no genuine issue of material fact exists with respect to William T. Burt, Jr.’s duty to the Hoggs, we grant William T. Burt, Jr.’s motion for |7summary judgment. In light of our findings, we pretermit any discussion as to the issue of prescription.
 
 [2]
 

 WRIT GRANTED AND MADE PEREMPTORY.
 

 [1]
 

 . As an aside, we doubt that Burt, Sr.’s lease would have resulted in liability at the time the alleged leak occurred.
 

 [2]
 

 . The supreme court has granted writs to address the issue of prescription as to the other defendants.