PETTIGREW, J.
 

 |2In this workers’ compensation dispute, the claimant, Hollie H. Novitsky, was injured in a motor vehicle accident on March 13, 2008, while in the course and scope of her employment as a landscape maintenance supervisor with Rotolo Consultants, Inc. (“Rotolo”). According to the record, Ms. Novitsky was driving an F-250 Ford diesel truck, owned by Rotolo, pulling a double-axel trailer fully loaded with landscaping equipment and supplies when she was involved in an accident. Immediately following the accident, Ms. Novitsky complained of shoulder pain, left leg and knee pain, and cervical pain. She continued working for Rotolo until April 22, 2008.
 

 On March 13, 2009, Ms. Novitsky was treated for bowel and bladder incontinence, back pain, and numbness in her legs. She was diagnosed with nerve root compression in her lower lumbar spine. On March 14, 2009, Ms. Novitsky underwent an “L4-L5 laminectomy and removal of herniated disk.”
 

 On June 22, 2009, Ms. Novitsky filed a disputed claim for compensation, alleging that no medical treatment had been authorized and that her indemnity benefits had been terminated. Ms. Novitsky also sought penalties and attorney fees.
 

 The matter proceeded to trial on June 3, 2010, at which time the parties entered into the following stipulations: 1) Ms. No-vitsky had a work-related motor vehicle accident on March 13, 2008; 2) Ms. Novit-sky’s average weekly wage was $532.20; 3) Ms. Novitsky’s indemnity rate was $356.20 per week; 4) Ms. Novitsky continued to work for Rotolo until April 22, 2008; 5) Rotolo paid Ms. Novitsky weekly indemnity benefits of $320.00 from April 22, 2008, until August 4, 2008; 6) Rotolo agreed to pay Ms. Novitsky $36.20 per week in underpayment of benefits from April 22, 2008, until August 4, 2008 or a total sum of $543.00; and 7) Rotolo committed no arbitrary or capricious actions from the date of the work-related accident until the date of the trial. After listening to Ms. Novitsky’s testimony and reviewing the applicable law and evidence in the record, the workers’ compensation judge (“WCJ”) rendered judgment on August 5, 2010, finding that Ms. Novitsky had carried her burden of proof that she suffered injury to her left leg, left knee, shoulder, and neck. However, the WCJ found that Ms. Novitsky did not carry her |3burden of proof that she suffered injury to her low back with related chronic urinary and fecal incontinence as a result of the work-related accident. The WCJ awarded Ms. Novitsky temporary total disability benefits as per the stipulation by the parties at the rate of $356.20 per week for 15 weeks, subject to a credit for the payments made by Rotolo of $320.00 per week, leaving a balance due of $36.20 per week for 15 weeks or $543.00, plus legal interest. The WCJ also awarded Ms. Novitsky payment and/or reimbursement for all unpaid medical bills and expenses, including any mileage, for treatment related to her neck, shoulder, left leg, and left knee. Finally, the WCJ awarded $2,000.00 in attorney fees and $2,000.00 in penalties against Rotolo for its violation of La. R.S. 23:1201(B).
 

 Rotolo timely filed a “Motion For New Trial And/Or To Amend Judgment,” arguing that 1) the parties had stipulated before the trial that the only issue before the
 
 *1231
 
 WCJ was whether Ms. Novitsky was entitled to benefits for the injury to her low back with related chronic urinary and fecal incontinence as a result of the work-related accident; and 2) the parties had stipulated that there were no allegations as to payment of attorney fees and penalties. Thus, Rotolo asserted, either a new trial should be granted or the judgment should be amended to delete all references to an award of attorney fees and penalties. Following a hearing on September 17, 2010, the WCJ granted Rotolo’s motion, implicitly granting Rotolo’s motion for new trial, and amended the August 5, 2010 judgment so that it would conform to the parties’ stipulations. All references to an award of attorney fees and penalties were deleted. In all other respects, the judgment remained the same. The amended final judgment was signed by the WCJ on September 20, 2010. From this judgment, Ms. Novitsky has appealed, assigning error to the WCJ’s denial of indemnity benefits related to her lower back injuries and related chronic urinary and fecal incontinence.
 

 Whether a claimant has carried his or her burden of proof and whether testimony is credible are questions of fact to be determined by the trier of fact.
 
 Allman v. Washington Parish Police Jury,
 
 2004-0600, p. 3 (La.App. 1 Cir. 3/24/05), 907 So.2d 86, 88. Factual findings in a workers’ compensation case are subject to the manifest 14error or clearly wrong standard of review.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc.,
 
 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. Under the manifest error-clearly wrong standard, the reviewing court does not decide whether the trier of fact was right or wrong, but whether fact finder’s conclusion was a reasonable one.
 
 Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880, 882 (La.1993). Thus, “[i]f the [fact finder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.”
 
 Sistler v. Liberty Mut. Ins. Co.,
 
 558 So.2d 1106, 1112 (La.1990).
 

 In written reasons for judgment, the WCJ noted as follows with regard to Ms. Novitsky’s low back complaints:
 

 In deposition, Dr. Everett G. Robert testified in a round about way that he was unable to relate the back and resulting incontinence to the work accident of 3-13-2008. Similarly, claimant has no supporting medical evidence relating her back [L4-L5] disc herniation to the work accident.
 

 Without the supporting medical evidence relating the back injury to the accident, claimant failed to carry her burden of proof that [the L4-L5] herniated disc and related chronic urinary and fecal problems were related to this accident.
 

 Following a thorough review of the record herein, we find no error in the WCJ’s conclusion that Ms. Novitsky failed to carry her burden of proof with regard to her back injury. The WCJ’s ruling is reasonable and supported by the record. Thus, we affirm the September 20, 2010 judgment of the WCJ in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.1(B), and assess all costs associated with this appeal against Ms. Novitsky.
 

 AFFIRMED.