McDonald, j.
|2In this workers’ compensation dispute, Hanson North America (Hanson), appeals a judgment of the Office of Workers’ Compensation (OWC) in favor of claimant, William Taylor. For the reasons that follow, we affirm,
Mr. Taylor was injured in the course and scope of his employment as a kiln operator on May 19, 1995, when a kiln exploded, blowing the door off the hinges. The door landed on Mr. Taylor and two other workers, injuring Mr. Taylor’s right leg and lower back. After the accident, Mr. Taylor continued to work until January of 1997, when he was no longer able to work, and he began receiving temporary total disability benefits of $323.00 per week.
*274 Weekly benefits were terminated after the OWC ruled on March 12, 2008, that Mr. Taylor had received 520 weeks of indemnity benefits effective January 10, 2007, and found that Mr. Taylor had failed to prove entitlement to permanent and total disability benefits, supplemental earnings benefits, or temporary total disability benefits. Mr. Taylor appealed that judgment to this court, which ruled on appeal that there were genuine issues of material fact that required a hearing, reversed the summary judgment in favor of Hanson, and remanded the case for further proceedings. Taylor v. Hanson North America, 08-1944 (La.App. 1 Cir. 5/8/09), 13 So.3d 660.
Mr. Taylor filed a supplemental and amending disputed claim for compensation on July 21, 2010, asserting that he was permanently and totally disabled and entitled to disability benefits for life; that he was incapable of gainful employment due to his physical injuries, functional limitations, age, experience, and education; that he was entitled to vocational rehabilitation services, and that, despite request and amicable demand, he had not been provided adequate and sufficient rehabilitation services; that the medical treatment recommended by his treating physician, a spinal cord stimulator, had been denied; that his medical bill |sand expenses had not been properly and timely paid; and that he was entitled to penalties and attorneys fees.
Mr. Taylor filed a second supplemental and amending disputed claim for compensation on November 1, 2010, asserting that he was entitled to and had been denied vocational rehabilitation, that he was entitled to and had been denied payment of mileage for medical appointments, that he had been denied his choice of physician in the field of neurosurgery and orthopedic surgery, and that he was entitled to penalties and attorneys fees. Hanson answered the first supplemental and amending claim asserting that Mr. Taylor had already received all of the benefits to which he was entitled under the law, and alternatively, disputed the amount of benefits claimed by Mr. Taylor and asserted its right to reimbursement, offsets, and credits.[1]
After a trial, the OWC ruled in favor of Mr. Taylor, concluding that Mr. Taylor was permanently and totally disabled from the date of judgment, and finding that the spinal cord stimulator was reasonable and medically necessary, ordering that Hanson approve Mr. Taylor’s choice of orthopedic surgeon and neurosurgeon, denying Mr. Taylor further vocational rehabilitation, and assessing Hanson with all costs.
Hanson appealed that judgment and makes the following assignments of error:
1. That the [OWC] erred in finding that a spinal cord stimulator for plaintiff-appellee was reasonable and necessary medical care when both the SMO [second medical opinion] and [OWC] appointed IME testified emphatically that Taylor would not benefit from this treatment.
2. That the [OWC] erred in finding that plaintiff-appellee is entitled to his choice of treating physicians in the area of orthopedic surgery and/or neurosurgery; and
|43. That the [OWC] erred in finding that plaintiff-appellee is permanently and totally disabled as a result of the work-related accident which occurred on May 19, [1995].
Mr. Taylor filed an answer to the appeal, asserting that the OWC erred in *275 ruling that the permanent and total disability benefits were awarded only from the date of signing the judgment and, in the alternative, asserts that the OWC erred in ruling on December 3, 2010, that Mr. Taylor was limited in discovery to documents from April 2006, forward.
THE STANDARD OF REVIEW
Whether a claimant has carried his or her burden of proof and whether testimony is credible are questions of fact to be determined by the trier of fact. Allman v. Washington Parish Police Jury, 04-0600, p. 3 (La.App. 1 Cir. 3/24/05), 907 So.2d 86, 88. Factual findings in a workers’ compensation case are subject to the manifest error-clearly wrong standard of review. McCray v. Delta Industries, Inc., 00-1694, p. 4 (La.App. 1 Cir. 9/28/01), 809 So.2d 265, 269. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, pp. 7-8 (La.7/1/97), 696 So.2d 551, 556. Thus, “[if] the [fact finder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous. Bolton v. B E & K Const., 01-0486, p. 7 (La.App. 1 Cir. 6/21/02), 822 So.2d 29, 35; Villar v. Industrial Metal Recyclers, 12-0319, p. 3 (La.App. 1 Cir. 11/2/12), 111 So.3d 372, 375, 2012 WL 5377676.
| .ASSIGNMENT OF ERROR NO. 3
Hanson asserts that the OWC erred in finding that Mr. Taylor is permanently and totally disabled as a result of the work-related accident that occurred on May 19, 1995. Louisiana Revised Statutes 23:1221(2)(c) provides in pertinent part:
[Compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
The finding of disability within the framework of the workers’ compensation law is a legal rather than a purely medical determination. Therefore, the question of disability must be determined by reference to the totality of the evidence, including both lay and medical testimony. Ultimately the question of disability is a question of fact, which cannot be reversed in the absence of manifest error. Severio v. J.E. Merit Constructors, Inc., 02-0359, p. 7 (La.App. 1 Cir. 2/14/03), 845 So.2d 465, 469-70.
As set forth in La. R.S. 23:1226(D), before a claimant is found to be permanently and totally disabled, it shall be determined whether there is reasonable probability that, with appropriate training or education, the injured employee may be rehabilitated to the extent that such employee can achieve suitable gainful employment and whether it is in the best interest of such individual to undertake such training or education. Severio, 02-0359 at p. 10, 845 So.2d at 471.
In its reasons for judgment, the OWC explained its determination that Mr. Tay *276 lor was permanently and totally disabled, as follows:
[This tribunal] now will address the issue of permanent and total disability pursuant to the statutory provisions of the Louisiana Revised Statute [23:1221(2) ] and the applicable jurisprudential laws hearing the specific facts and evidence in the ease so far.
[fiMr. Taylor and his vocational rehabilitation expert, Neil Barre, B-a-r-r-e, were the only live witnesses presented by the claimant. The defendant called no live witnesses.
Mr. Taylor testified his daily activities are extremely limited and that he lives a poor quality of life, admitting having a heart valve replacement surgery, diabetes, and is drawing Social Security Disability in the amount of roughly $1,476 per month.
He emphasized that engaging in gainful work is beyond his physical limitations. Neil Barre, who qualified as an expert before [this tribunal], testified that due to Taylor’s third grade reading level, together with other elementary-level mental abilities, having reviewed the medical data reports, et cetera, these along with his physical restrictions, and the fact that in his expert opinion there exist no available jobs for Mr. Taylor, rendered Mr. Taylor unemployable.
On cross examination of Mr. Barre[,] he was questioned whether or not Taylor could physically perform the duties, tasks and responsibilities of the position of a ticket taker.
Barre responded that there were no available positions suitable for this claimant. Barre took the proverbial high road in his response, ... this [tribunal] will, in this determinative process by commenting on the ticket taker dyno [sic] defense.
Certainly Taylor’s overall general health has deteriorated over the years. He has serious concerns unrelated to the condition directly resulting from his injury of May [1995].
Also, the most current medical records of the treating physician, Dr. Clark, with whom Taylor has treated, again, on dozens of occasions over nearly 20 years, [continue] to disable Taylor and [Dr. Clark] requests, as a result of Taylor having nerve root impingement caused by L5-S1 disc herniation with radiating leg pain, use of multiple pain medications [which] is contributory to Taylor’s abilities and/or lack thereof.
After considering the evidence taken as a whole, the medical evidence of Dr. Clark proves to be reliable, consistent and accurate as it pertains to Taylor’s work-related injury and present condition as a result thereof, [this tribunal] in weighing all of the evidence finds Taylor has met his burden by clear and convincing evidence pursuant to Louisiana Revised Statute [23:1221(2) ], and is permanently and totally disabled, and this disability is a direct result of the lingering residual effects of the May 19, [1995] accident with this employer.
Mr. Hanson was 69 years old at the time of the trial, and has an eighth-grade education. His work history consists of manual labor positions. He has had no vocational training or technical training and has no degrees or certifications. Mr. |7Taylor testified that he has pain in his back and legs, has great difficulty standing, sitting, or walking for too long and that he experiences pain if he lifts heavy objects. He experiences difficulty bending, stooping, and squatting.
While Hanson asserts that Mr. Taylor is retired and has no desire to return to work, a close look at the testimony shows that Mr. Taylor testified that he would go *277 back to work if he could and that he considered himself retired because he could not go back to work.
Mr. Taylor began treatment with Dr. John E. Clark, a physiatrist[2] at Louisiana Spine & Sports Medicine, in 1997 for the work-related injuries, and he has continued receiving medical care from Dr. Clark through the date of trial. Dr. Clark issued a report on November 4, 2010, which stated that Mr. Taylor would not be able to return to a competitive job market.
Following an extensive review of the record and exhibits in this matter, we are unable to say that the OWC erred in determining that based on Mr. Hanson’s physical restrictions, the lack of vocational rehabilitation, his limited education, and lack of transferable skills, he is permanently and totally disabled and therefore entitled to benefits. The OWC made specific findings that Mr. Hanson was a credible witness and that he was unemployable. The OWC’s judgment concerning the finding of permanent and total disability and the award of benefits for same is reasonable and supported by the record.
ASSIGNMENT OF ERROR NO. 1
In this assignment of error Hanson asserts that the OWC erred in finding that a spinal cord stimulator was reasonable and necessary medical care when both the employer’s choice of physician, Dr. Wayne Lindemann, an expert in the field of physical medicine and rehabilitation, and the independent medical examiner, Dr. |RJohn Nyboer, an expert in the field of physical medicine and rehabilitation, with a subspe-cialty in pain management, testified that Mr. Taylor would not benefit from this treatment.
Louisiana Revised Statutes 23:1203 provides that the employer shall furnish all necessary drugs, supplies, hospital care and services, and medical and surgical treatment. In the reasons for judgment, the OWC explained why it found the spinal cord stimulator to be reasonable and necessary medical care:
The claimant’s treating physician prescribed a spinal cord stimulator on or about April 29, 2008.
Consequently Hanson sent Mr. Taylor to defendant’s choice of physician, Dr. Lindemann, who essentially opined that the stimulator should not be administered primarily due to the lack of objective findings concerning Mr. Taylor’s complaints of back pain, noting Taylor is neurologically intact.
Thereafter the [OWC] appointed its IME, Dr. [Nyboer], who also concluded Taylor was not a candidate for a spinal cord stimulator.
However, this [tribunal] has reviewed the totality of the medical evidence of record. It concludes that Dr. Clark continues to request authorization for this treatment, and in doing so articulates sound medical reasoning for its necessity.
Given the doctor’s professional and recent request it is determined to be reasonable and necessary and thus approved.
Noteworthy also to this [tribunal] is the fact that Dr. Clark has continued to see Mr. Taylor over the years, many years, and at least on dozens of occasions, whereas the other physicians mentioned, who disagreed with Clark’s recommendation of the spinal cord stimulator, had only seen Mr. Taylor on a limited basis.
*278 Hanson argues that it was not until after the OWC granted judgment terminating benefits on March 12, 2008, that one month later, on April 29, 2008, Dr. Clark recommended a trial with a spinal cord stimulator. However, our review of the evidence shows that Dr. Clark actually first recommended a spinal cord stimulator to Mr. Taylor on January 29, 2008.
bWhen Dr. Lindemann saw Mr. Taylor in July 2009, the most recent medical record he had was from January 2008. Dr. Lindemann evaluated Mr. Taylor on one occasion. Dr. Lindemann testified that he believed a spinal cord stimulator was not appropriate because Mr. Taylor did not exhibit radiculopathy. However, we note that Dr. Clark’s medical records report radiculopathy, and Dr. Nyboer testified that Mr. Taylor had chronic radicular pain. Dr. Lindemann testified that other medical options must be ruled out prior to proceeding with a spinal cord stimulator, however, the only option he suggested for Mr. Taylor was a continuation of pain medication.
Dr. Nyboer testified that he examined Mr. Taylor one time. He testified that Mr. Taylor had chronic low-back pain and chronic right-lower-extremity radicular pain. Dr. Nyboer testified that he did not think Mr. Taylor was an “ideal candidate” for a spinal cord stimulator due to his heart condition.
As a general rule, while the trier of fact is required to weigh the testimony of all medical witnesses, the testimony of the treating physician should be accorded greater weight than that of a physician who examines a patient only once or twice. Clark v. Godfrey Knight Farms, Inc., 08-1723, p. 16 (La.App. 1 Cir. 2/13/09), 6 So.3d 284, 295, writ denied,, 09-0562 (La.5/29/09), 9 So.3d 163. The opinion of the TME is not conclusive, and the OWC must evaluate all of the evidence presented in making a decision as to the claimant’s condition. The significant weight given to the opinion of the IME can be lesser or greater depending on the qualifications or expertise of the physician, the type of examination he performs, his opportunity to observe the patient, his review of other physicians’ examinations and tests, and any other relevant factors. McKinney v. Coleman, 36,-958, pp. 5-6 (La.App. 2 Cir. 3/14/03), 839 So.2d 1240, 1244. The OWC deferred to the treating physician due to the extensive length of treatment by the treating physician. Even if this court would have decided this issue differently, this court | inmay not reverse if the fact finder’s findings are reasonable and not manifestly erroneous. Sistler, 558 So.2d at 1112. Based on our review of the record, we cannot say that the OWC’s determination that the spinal cord stimulator was reasonable and medically necessary was manifestly erroneous.
ASSIGNMENT OF ERROR NO. 2
Hanson asserts that the OWC erred in finding that Mr. Taylor is entitled to his choice of treating physicians in the area of orthopedic surgery and neurosurgery. Louisiana Revised Statutes 23:1121 provides that the employee shall have the right to select one treating physician in any field or specialty. Mr. Taylor’s treating physician, Dr. Clark, made a referral to an orthopedic or neurosurgeon after recommending a spinal cord stimulator. After a review of the record, we cannot say that the OWC erred in finding that Mr. Taylor was entitled to his choice of physicians in the area of orthopedic surgery or neurosurgery.
THE ANSWER TO THE APPEAL
In his answer to the appeal, Mr. Taylor asserts that the OWC erred by improperly ruling that the permanent and total disability benefits were awarded only from the date of signing the judgment, and in *279 the alternative, improperly ruling on December 3, 2010, that Mr. Taylor was limited in discovery to documents from April 2006, forward. The answer to the appeal is denied.
Therefore, for the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed. The answer to the appeal is denied. Costs are assessed against Hanson.
AFFIRMED.

. Although titled as an answer to the first supplemental and amending disputed claim for compensation, we note that Hanson’s answer was filed after the second supplemental and amending disputed claim for compensation had been filed.

. A physiatrist is a medical doctor who specializes in physical medicine, rehabilitation, and pain medicine.