TRACY BOWIE

VERSUS

WESTSIDE HABILITATION CENTER

**********

FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 02
PARISH OF RAPIDES, NO. 14-00992
JAMES BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, Jimmie C. Peters, Marc T. Amy, and J. David Painter, Judges.

### WRIT GRANTED, REVERSED, AND REMANDED.

Amy, J., dissents and assigns written reasons.

**Robert L. Beck, III**
**Law Offices of Robert L. Beck, Jr., LLC**
**P. O. Drawer 12850**
**Alexandria, LA 71315-2850**
**(318) 445-6581**
**COUNSEL FOR PLAINTIFF-RELATOR:**
     **Tracy Bowie**

**Matthew R. Richards**
**Johnson, Rahman & Thomas**
**P. O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 231-0521**
**COUNSEL FOR DEFENDANTS-RESPONDENTS:**
    **Westside Habilitation Center, Inc. and Louisiana Workers'**
    **Compensation Corporation**

**PAINTER, Judge.**

Relator, Tracy Bowie (Bowie), seeks supervisory writs from the judgment of May 15, 2014, from the Office of Workers' Compensation (OWC), which found that "Defendants carried their burden of proving that they complied with the requirements of La. Rev. Stat. 23:1201.1(A) and are therefore entitled to a Preliminary Determination hearing with respect to the controversion of the compensability of the alleged left knee injury suffered by the Claimant as a result of the work accident of May 10, 2013, and with respect to the medical treatment that has been requested for the alleged left knee injury." For the following reasons, we grant the writ and reverse the ruling of the Workers' Compensation Judge (WCJ). The matter is remanded to the OWC for further proceedings in accordance with this opinion.

## FACTS AND PROCEDURAL HISTORY

Bowie was employed by Westside Habilitation Center, Inc. (Westside) and allegedly suffered a work-related accident on May 10, 2013, when she attempted to restrain a combative patient. Westside was insured by Louisiana Workers' Compensation Corporation (LWCC).

Bowie allegedly suffered injuries to her knees and lower back, and she began receiving benefits on May 23, 2013. The weekly checks were mailed to 2120 Memorial Drive, Alexandria, Louisiana, until such time as Bowie became represented by counsel. Thereafter, the checks were sent to her attorney. LWCC initially paid for Bowie's reasonable and necessary medical expenses, including treatment for her left knee. However, on February 3, 2014, in a letter to Bowie's attorney, LWCC advised that they would no longer be paying for any expenses related to her left knee. LWCC advised Bowie that it considered the left knee problems to be a pre-existing medical condition that was not compensable. A

"Notice of Payment, Modification, Suspension, Termination of Medical Benefits" (the Notice) was sent to Bowie through her attorney on February 3, 2014. Bowie filed a Notice of Disagreement just four days later wherein she noted that she disagreed with the Notice because the work-related accident of May 10, 2013, aggravated her pre-existing left knee injury. Then, on February 14, 2014, Bowie filed a disputed claim for compensation, Form 1008.

Westside and LWCC (hereinafter collectively referred to as "Defendants") filed an answer to the 1008 and requested a preliminary determination on the issue of suspension of benefits with respect to the left knee injury. Bowie then filed a rule to show cause to determine whether defendants were entitled to a preliminary determination pursuant to La.R.S. 23:1201.1. Following a hearing on the rule, the WCJ found that Defendants were entitled to a preliminary determination hearing. Bowie timely applied for a writ with this court, and proceedings in the court below were stayed.

In the writ application, Bowie argues that the WCJ committed legal error in concluding that LWCC did not have to prove its compliance with La.R.S. 23:1201.1(A)-(E) and that the WCJ committed legal and manifest error in concluding that LWCC was entitled to a preliminary determination under La.R.S. 23:1201.1 after LWCC failed to present competent evidence or elicit testimony that the Notice of Payment was sent to Bowie as required by La.R.S. 23:1201.1(A)(2). For the reasons that follow, we agree. The writ is granted based on our finding that Westside and LWCC are not entitled to a preliminary determination due to the failure to comply with the statutory provisions of La.R.S 23:1201.1. Thus, the WCJ's ruling is hereby reversed, and the matter is remanded to the Office of Workers' Compensation for further proceedings consistent with this opinion.

## DISCUSSION

Louisiana Revised Statutes 23:1201.1 reads, in pertinent part:

A. Upon the first payment of compensation or upon any modification, suspension, termination, or controversion of compensation or medical benefits for any reason, including but not limited to issues of medical causation, compensability of the claim, or issues arising out of R.S. 23:1121, 1124, 1208, and 1226, the employer or payor who has been notified of the claim, shall do all of the following:

(1)    Prepare a "Notice of Modification, Suspension, Termination, or Controversion of Compensation and/or Medical Benefits".

(2)    Send the notice of the initial indemnity payment to the injured employee on the same day as the first payment of compensation is made by the payor after the payor has received notice of the claim from the employer.

(3)    Send a copy of the notice of the initial payment of indemnity to the office within ten days from the date the original notice was sent to the injured employee or by facsimile to the injured employee's representative.

(4)    Send the "Notice of Payment, Modification, Suspension, Termination, or Controversion of Compensation and/or Medical Benefits" to the injured employee by certified mail, to the address at which the employee is receiving payments of compensation, on or before the effective date of a modification, suspension, termination, or controversion.

(5)    Send a copy of the "Notice of Payment, Modification, Suspension, Termination, or Controversion of Compensation and/or Medical Benefits" to the office on the same business day as sent to the employee or to his representative.

B. The form of the "Notice of Payment, Modification, Suspension, Termination, or Controversion of Compensation and/or Medical Benefits" shall be promulgated by the office.

C. The director shall make the notice available upon request by the employee and the employee's representative.

D. If the injured employee is represented by an attorney, the notice shall also be provided to the employee's representative by facsimile.    Proof that the notice was sent to the employee's

3

representative by facsimile shall be prima facie evidence of compliance with Subsection A of this Section.

E. The provisions of this Section shall not apply to questions of medical necessity as provided by R.S. 23:1203.1.

. . .

I. (1) An employer or payor who has not complied with the requirements set forth in Subsection A through E of this Section or has not initially accepted the claim as compensable, subject to further investigation and subsequent controversion shall not be entitled to a preliminary determination. An employer or payor who is not entitled to a preliminary determination or who is so entitled but fails to request a preliminary determination may be subject to penalties and attorney fees pursuant to R.S. 23:1201 at a trial on the merits or hearing held pursuant to Paragraph (K)(8) of this Section.

(2) If disputed by the parties, upon a rule to show cause held prior to the preliminary determination or any hearing held pursuant to this Section, the workers' compensation judge shall determine whether the employer is in compliance.

This statute was enacted by 2013 La. Acts No. 337[1], and said act specifically provided for its retroactive application.

Whether a party has carried his or her burden of proof is a question of fact to be determined by the trier of fact. *Allman v. Washington Parish Police Jury*, 04-600 (La.App. 1 Cir. 3/24/05), 907 So.2d 86. The standard of review is well settled:

A workers' compensation judge's findings of fact are reviewed under the manifest error/clearly wrong standard of review and the findings will not be set aside unless clearly wrong after reviewing the record in its entirety. *Dean v. Southmark Const.*, 03-1051 (La.7/6/04), 879 So.2d 112. When there is a conflict in testimony, reasonable evaluations of credibility and inferences of fact will not be disturbed upon review even though the appellate court may disagree. *Id.* Furthermore, when factual findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the findings of the trier of fact, "for only the factfinder can be aware of the variations in demeanor and tone that bear so heavily on the listener's understanding and belief in what is said." *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989).

_____

[1] A previous statute with the same number, 23:1201.1, existed and related to mailing of payments at option of employee. It was added by 1956 La. Acts No. 332, § 1, and repealed by 2010 La. Acts No. 3, § 2.

*David v. Vermilion Shell & Limestone Co., Inc.*, 13-863, p. 2 (La.App. 3 Cir. 2/12/14), ___ So.3d ___, ___.

There is a two-part test for the reversal of a fact finder's determinations: (1) the record shows that a reasonable factual basis does not exist for the finding of the trial court, and (2) the record establishes that the finding is clearly wrong (manifestly erroneous). *Cole v. Allstate Ins. Co*., 07-1046 (La.App. 3 Cir. 6/05/08), 987 So.2d 310, *writ denied*, 08-1463 (La. 10/31/08), 994 So.2d 535 (citing *Earls v. McDowell*, 07-17 (La.App. 5 Cir. 5/15/07), 960 So.2d 242).

Bowie alleges that the WCJ committed legal error in finding that it was irrelevant whether LWCC proved its compliance with La.R.S. 1201.1(A)-(E) at the hearing on Bowie's rule. A question of law is reviewed by determining if the WCJ's ruling is legally correct or incorrect. *Magbee v. Fed. Express*, 12-77 (La.App. 3 Cir. 12/12/12), 105 So.3d 1048.

Ravena Budwine, the claims adjuster for LWCC who handled Bowie's claim, testified that the initial weekly indemnity payments to Bowie began on May 23, 2013, that the payments were mailed to her at 2120 Memorial Drive in Alexandria, and that she believed this to be Bowie's home address. She was unable to explain why the Notice of Payment dated May 23, 2013, was sent to a Cheneyville address. There was no proof that the initial Notice of Payment was sent to Bowie as required by La.R.S. 23:1201.1(A)(2). The WCJ, however, opined that "that's all irrelevant, because the issue in dispute is a knee replacement. No dispute about her compensation, receipt of benefits, the amount of her benefits." The WCJ further reasoned that:

> [t]his disputed claim was filed on February 13th of 2014, and the issue in dispute is a left knee replacement recommended by Dr. Hope. The evidence reflecting the controversion of the medical entitlement to the left knee replacement was all timely. There may be instances on different issues where an employer cannot have the safe harbor

because they didn't follow, precisely, for that particular issue, and there may be other issues, which I believe is true of this case here, where they followed this Act, and they don't have the safe harbor, yet. There's no such thing as a safe harbor until we have the preliminary determination hearing, and the Court makes a preliminary determination. The Court may decide that this is cause [sic] related[,] and they should provide the surgery or the procedure. Then, they have to do that to get to the safe harbor. We're not even close.

The WCJ ruled that, with respect to the knee replacement issue, Defendants complied with the statute.

We find that the WCJ's interpretation of the statute is incorrect. Louisiana Revised Statutes 23:1201.1(A) specifically provides that "[u]pon the first payment of compensation **or** upon any modification, suspension, termination, or controversion of compensation or medical benefits for any reason," the five enumerated things must be done by the employee or payor. (Emphasis added.) Thus, it would appear that Defendants may not be required to comply with the subsections **both** when the initial payment is made **and** when there is a modification, etc. It is an "either/or" provision. In this instance, the controversy is over the payment for treatment to Bowie's left knee. However, Defendants must still comply with the requirements of La.R.S. 23:1201.1(A)(2) and (3). These provisions deal with the notice of initial payment. The evidence and testimony clearly showed that Defendants could not prove that the notice of initial payment was properly sent to Bowie.

"It is presumed that every word, sentence, or provision in a law was intended to serve some useful purpose." *City of New Orleans v. Louisiana Assessors' Retirement and Relief Fund*, 05-2548, p. 20 (La.10/1/07), 986 So.2d 1, 17 (citations omitted). "[C]ourts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause, or word as meaningless and surplusage if a construction giving force to, and preserving, all words can

6

legitimately be found." *Id*. In statutory interpretation, we are also mindful that "courts must endeavor to give an interpretation that will give them effectiveness and purpose, rather than one which makes them meaningless." *State v. Cunningham*, 04-2200, pp. 8-9 (La.6/13/05), 903 So.2d 1110, 1116.

The statute is clear that compliance with the five subsections to Section (A) is mandatory in that "shall" is used. The employer's compliance therewith cannot be irrelevant, or that section of the statute would be meaningless. Thus, we find that the WCJ committed legal error in his interpretation of the statute and that it was manifest error for the trial court to find that Defendants had complied with the statute when the evidence and testimony clearly did not support such a finding.

The issue then becomes whether Defendants are entitled to a preliminary determination hearing when they have not complied with the requirements of the La.R.S. 23:1201.1(A). Subsection I of La.R.S. 23:1201.1 provides that an employer or payor who has not complied with the requirements of subsection A **or** has not accepted the claim as compensable "shall" not be entitled to a preliminary determination. To read this as an "either/or" provision would render subsection A useless. The statute cannot be interpreted to mean that an employer or payor can be non-compliant with the mandatory provisions of one subsection of the statute statute but not be subject to the consequence provided in a later subsection. Under the aforementioned rules of statutory interpretation, we are compelled to conclude that Defendants are not entitled to a preliminary determination hearing in this case. Accordingly, the ruling of the WCJ is reversed.

**DECREE**

Bowie's writ application is hereby granted, and the ruling of the WCJ is reversed based upon our opinion that the record does not reflect a reasonable basis for the WCJ's findings that Defendants carried their burden of proving compliance

with La.R.S. 23:1201.1. Since Defendants did not strictly comply with the statute, the WCJ erred in finding that Defendants were entitled to a Preliminary Determination hearing. The matter is remanded to the OWC for further proceedings in accordance with this opinion.

**WRIT GRANTED, REVERSED, AND REMANDED.**

NUMBER 14-617

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

TRACY BOWIE

VERSUS

WESTSIDE HABILITATION CENTER

AMY, J., dissenting.

I agree that the employer did not comply with the notice requirements of La.R.S. 23:1201.1(A), as retroactively applied. However, I would deny the writ application as I find no error in the workers' compensation judge's determination that the employer was entitled to a preliminary determination.

Among other things, La.R.S. 23:1201.1 sets forth the procedure for the preliminary determination mechanism. Significantly, Subparagraph (I) indicates that an employer who has not complied with the requirements of Subsections (A) through (E) *or* who "has not initially accepted the claim as compensable, subject to further investigation and subsequent controversion shall not be entitled to a preliminary determination." In my opinion, as Subsection (I) speaks in terms "entitlement" to a preliminary determination and by its use of "or," the Subsection provides distinct circumstances that will disqualify an employer from use of that preliminary mechanism.

In this case, the employer did, in fact, accept the claim as compensable and only subsequently controverted that claim. While the majority opinion suggests that to interpret Subsection (I) in an either/or fashion renders Subsection A useless, I respectfully disagree. In my view, the interpretation urged by this writ application effectively requires that both conditions be present, turning "or" into "and."

Notably, and although the claimant's argument collapses the concept of the availability of the preliminary determination with the concept of the safe harbor from penalties and attorney fees, I conclude that Subsection L demonstrates otherwise.

> Notwithstanding any provision in this Section to the contrary, the failure to comply with *any* provision of this Section shall not itself be considered a failure to reasonably controvert benefits; however, failure of the employer or payor to comply *shall* result in loss of penalty and attorney fee protections provided in this Section."

La.R.S. 23:1201.1(L)(emphasis added). The statute, itself, does not indicate that the employer's choice to use the expedited process of the preliminary determination otherwise relieves it from having to demonstrate the availability of any safe harbor provision.

For this reason, I respectfully dissent.

2